ROBERT JOHNSON V. E. Y. MILLER, *et al.*, Appellants. HERMAN KELLAR, Defendant.

**Costs:** PRACTICE. Where seven are sued for a joint tort, make a joint defense, and there is judgment for plaintiff against six only, those six must pay all the costs, and they can not be apportioned under Code, 2934, so that they shall pay but six-sevenths of the total costs.

*Appeal from Blackhawk District Court.*—HON. D. J. LENAHAN, Judge.

THURSDAY, DECEMBER 20, 1894.

*Boies, Couch & Boies* for appellants.

*Wheeler & Moffit* and *Wolf & Hanley* for appellee.

Kinne, J.—I. This case is commonly known as the "Jones County Calf Case." It was an action for malicious prosecution, begun in Jones county, Iowa, on May 23, 1878, against E. V. Miller, David Fall, George W. Miller, Abe Miller, John Foreman, S. D. Porter, and Herman Kellar. For the purposes of this opinion we need not state the issues between the parties further than to say that the action was against all of the defendants jointly, and on every trial, except as otherwise stated, judgment was jointly rendered against all of the defendants, and the defense upon all the trials was jointly made by all of the defendants. The case was first tried in Benton county, and resulted in a disagreement of the jury. On the second trial, in the same county, the verdict was for plaintiff and against all of the defendants. This verdict having been set aside, the third trial was had in Clinton county, resulting in a verdict for plaintiff and against

all of the defendants. This verdict was set aside, and a fourth trial had in the District Court of Blackhawk county, wherein a verdict was rendered for plaintiff and against all of the defendants. On appeal to this court the case was reversed. (17 N. W. Rep. 34.) Thereafter the cause was tried the fifth time, and in the Circuit Court of Blackhawk county, and resulted in a verdict for plaintiff and against all of the defendants. On appeal to this court the judgment was reversed, and the sixth trial of the case had in the District Court of Blackhawk county. (29 N. W. Rep. 743.) Upon this trial the jury were directed to find for the defendant Herman Kellar. They returned a verdict for plaintiff and against all of the defendants except Herman Kellar for one thousand dollars, and found for the defendant Kellar. The defendants other than Kellar filed a motion in arrest of judgment and for judgment against the plaintiff on the ground that the special findings were in conflict with the general verdict. Both motions were overruled, and judgment rendered against all of the defendants except Kellar for the full amount of the verdict. Thereafter all of the defendants except Kellar appealed to this court, and the judgment below was affirmed. (47 N. W. Rep. 903.) No appeal or exception was taken by plaintiff to the instruction of the court directing a verdict for Kellar. Thereafter the widow and heirs at law of Kellar made a showing of his death, that no administrator of his estate had been appointed, and asked to be substituted in his place as parties, and that judgment be rendered in their favor against plaintiff on the general verdict dismissing the action, and for costs of said Kellar. Thereafter all of the other defendants filed a motion asking the court to apportion the costs so that they should only be liable for six-sevenths of all costs which plaintiff would have been entitled to recover had he

recovered a judgment against all of the defendants in the action. Plaintiff made a showing in resistance of said motion that defendants answered jointly, with the same attorneys, and jointly assumed the burden and expense of the defense, and that plaintiff was successful in the action. Attached thereto was an affidavit of plaintiff to the effect that the only evidence applicable alone to defendant Kellar, and not necessary in the trial of the case as against the other defendants, was the testimony of one Parsons, who had been a witness upon all of the trials except the last, when he was subpoenaed, but for some cause unknown to plaintiff failed to attend, being absent from home; that the only costs made solely on-account of Kellar were costs of service of the original notice upon him, and service of the subpoena on Parsons, and his fees and mileage as a witness; that Kellar had no witnesses, except himself, whose testimony was applicable alone to his defense; that Kellar died six months after the last trial. The court overruled the motion, to which defendants excepted. Thereafter judgment was entered in favor of plaintiff and against the six defendants other than Kellar for the full amount of the costs in said action, being two thousand eight hundred eighty-six dollars and eighty-four cents, to which action of the court said six defendants excepted, and now appeal.

II. The only question involved in this appeal is the ruling of the court below on the motion to apportion the costs. The appellants rely upon the following section of the statute: "In actions where there are several plaintiffs or several defendants the costs shall be apportioned according to the several judgments rendered, and where there are several causes of action embraced in the same petition, or several issues, the plaintiff shall recover costs upon the issues determined in his favor, and the defendant shall recover costs upon

the issues determined in his favor." Code, section
2934. The contention is that under the first clause of
this section it was mandatory upon the District Court
to apportion the costs as asked. This particular pro-
vision of the statute has never been construed. Sup-
pose plaintiff had recovered against one only of the
seven alleged wrongdoers, on appellant's construction
of the statute he would only be entitled to a judgment
for one-seventh of the costs as against him, although
plaintiff had been successful in his action. Surely no
construction should be placed upon the statute which
would work such an inequitable result, unless its word-
ing requires it, or such was the manifest intent of the
legislature in its enactment. We see no reason for so
construing it. These seven parties were charged with
having committed a wrong against the plaintiff. The
jury found that as to six of them the charge was estab-
lished, but the seventh man was not liable. Why
should the latter fact operate to relieve the other six
from the payment of one-seventh of the costs incurred
in the action brought against them all for one cause,
and to which all of the seven made a joint defense?
The six are in no way prejudiced by the fact that as
against a seventh defendant there was no recovery
had, except, possibly, by being required to pay costs
which were made only in prosecuting the case as
against the seventh man. What portion of the costs
were thus made, if any, does not appear. This was not a
case coming within this provision of the statute. It
was not a case of separate judgments in favor of the
plaintiff and against all of the defendants. It was
simply a case where several were sued, and a recovery
had as to all but one of them,—a joint verdict and judg-
ment as against all as to whom plaintiff recovered at
all. If separate judgments had been recovered against
the parties in different amounts, there might be some

reason for claiming that the costs should be apportioned in a proper case.  We do not think the statute bears the construction contended for.    The motion was properly overruled, and the judgment below is *affirmed*.