ROBERT JOHNSON, Appellant, v. J. D. SAUM, Appellee.

**Compromise:** DOUBLE PAYMENT: RECOVERY. Where a debtor has been induced, either by fraud or mistake, to pay an item of indebtedness a second time, he may recover for the double payment, even though the original payment was in property.

**Double Payment:** RESCISSION. Where through fraud or mistake an item of indebtedness has been twice paid, the only rescission necessary to recovery is notice of the mistake and demand for a return of the excess.

**Pleadings:** DEMURRER. Failure of the petition to allege a proper measure of damage will not be considered on an appeal from the ruling on a demurrer which does not include that question.

*Appeal from Jones District Court.*—HON. H. M. REMLEY, Judge.

WEDNESDAY, FEBRUARY 17, 1904.

ACTION at law to recover an amount alleged to have been overpaid to the defendant, or to have been omitted by mistake from a settlement between the parties. Demurrer to the petition having been sustained, and judgment entered thereon, plaintiff appeals.—*Reversed.*

*F. O. Ellison* and *M. P. Smith* for appellant.

*Miller & Chamberlain* for appellee.

WEAVER, J.—The petition states, in substance, the following facts: Some years prior to the commencement of this suit the defendant became the plaintiff's surety upon a bond given to stay execution upon a judgment which plaintiff was liable to pay, and, to secure defendant against loss upon said bond, plaintiff gave him his promissory note, secured by mortgage on chattel property. Afterward defendant sold said property under the mortgage, realizing thereon enough to satisfy the judgment, but plaintiff

also turned out to defendant still other property in satisfac-
tion of said claim. Thereafter, and after various other busi-
ness transactions had occurred between the parties, the de-
fendant came to plaintiff, alleging that plaintiff was owing
him upon their several dealings an aggregate sum of over
$500, and demanded a settlement. In payment of the claim
thus made, plaintiff turned out to defendant a valuable mare,
which defendant agreed to accept in full satisfaction and
payment of his demand. It is further alleged that, in ar-
riving at the balance due from plaintiff to defendant, the
amount of said judgment, which had before been fully paid,
was, by the fraud of defendant, and by mistake and over-
sight, figured into the account, and this became a part of the
consideration for which the mare was delivered to the de-
fendant, with the result that plaintiff has, by mistake, paid
the said judgment to the defendant a second time. Upon
these allegations, plaintiff demands judgment against the de·
fendant for the amount of the note given to the defendant
as above stated, in the sum of $465, with interest. The de-
murrer to the petition is based upon the following grounds:
(1) It shows a compromise agreement—an accord and satis-
faction of all unliquidated demands—and that the mare was
delivered in consideration thereof; (2) it fails to show that
plaintiff rescinded the compromise, or offered to restore the
consideration received by him therefor; (3) it fails to show
that plaintiff relied or acted upon the fraud of the defend-
ant; and (4) it fails to show that plaintiff has suffered any
injury from the alleged fraud of defendant, in that it is not
alleged that the property delivered defendant was of any
greater value than the amount of defendant's just claims
then existing against plaintiff.

I. It must be conceded that the petition is not a model
of clear and perspicuous pleading, but, in our judgment, it
states a cause of action. Accepting its statements as true,
there once existed a judgment indebtedness
against plaintiff, for which defendant became
liable as his surety, and presumably paid. The

I. COMPROMISE:
double pay-
ment; recovery

indebtedness thus arising from, plaintiff to defendant was fully satisfied and discharged. Some years later, after other and further dealings between them, the defendant presents a claim arising from their various dealings, in which claim or demand there is erroneously included the amount of the judgment aforesaid, and demands and receives payment thereof. True, no money was paid; but, in the absence of other evidence, we think it must be presumed that the property delivered was reasonably worth the amount of the claim in payment of which it was received. Now, if these things be true has plaintiff no remedy? May a creditor swell his claim against a debtor by adding to the account, either by fraud or mistake, an item, of indebtedness which has once been fully paid, and insist upon keeping the advantage thus obtained over the debtor, who has, by oversight, or even by carelessness, paid such item a second time? The statement of the question is its own answer. Indeed, counsel do not deny that had the payment been made in money, and it was afterwards discovered that defendant had, by mistake, received more than was due him, an action would lie to recover the excess. Does the fact that defendant received a horse, instead of cash, call for the application of any different principle? It is, of course, correct that, if a party sees fit to accept a horse worth $50 in satisfaction of a debt of $500, he may do so, and both parties are bound by the transaction; and, *vice versa,* if a man with a horse worth $500 chooses to deliver it to a creditor in payment of a debt of $50, neither can repudiate such settlement because of the disparity between the debt paid and the value of the animal. But if A., having a just demand against B., receives full payment, and thereafter, through mutual mistake, or through the fraud of A. and the mistake of B., the same debt is paid a second time, in money or property, the right of B. to recover the money or value of the property would seem too clear for argument. We do not overlook the well-established principle that, where a matter is in controversy, and a compromise is made by which one party accepts an item of property or agreed sum

of money in settlement of his demand, neither party will be permitted to repudiate this adjustment simply because he has come to think he made a bad bargain. And if, in the present case, there was a dispute between plaintiff and defendant whether the judgment in question had in fact once been paid, both parties acting in good faith, and it was agreed to settle the controversy by "lumping" the claim with the rest of their mutual accounts, and delivering the mare to defendant in full payment and satisfaction of any balance due him upon such settlement, a very different question would be presented. But such is not the allegation.

It is argued, however, that, before plaintiff can recover, he must rescind the agreement, and restore to the defendant the consideration received in the settlement he repudiates.

2. DOUBLE payment: rescission: Plaintiff received nothing in the settlement which is capable of redelivery or tender to the defendants. Rescission could hardly be more effectively accomplished in such case than by notifying the other party to the transaction of the claimed mistake, and demanding a return of the excessive payment. A demand and refusal of repayment are alleged in the petition demurred to, and this we regard as a sufficient rescission, if, indeed, any other demand is needed than the beginning of the action to recover the amount claimed to be due.

II.   Considerable is said in argument as to the failure of the petition to state a proper measure of damages. Even if it be conceded (and we think it must be) that in no event

3. PLEADINGS: demurrer. can plaintiff recover more than the value of the mare delivered, and not the amount of the note, it will be observed that the demurrer does not raise the question, and we cannot consider it.

The judgment appealed from is reversed, and cause remanded to the district court, with direction to overrule the demurrer to the petition.—REVERSED.