ROBERT JOHNSON, Appellee, v. J. D. SAUM, Appellant.

**Payment for property by mistake:** MEASURE OF RECOVERY. A debtor who transfers property to his creditor in settlement of a balance mistakenly supposed to be due is held to a recovery of the reasonable market value of the property, except where exemplary damages are allowable, and not the amount of the balance supposed to be due.

*Appeal from Jones District Court.*— HON. J. H. PRESTON, Judge.

MONDAY, JANUARY 20, 1908.

ACTION at law to recover a sum which plaintiff claims he by mistake overpaid to the defendant. There was a verdict and judgment for the plaintiff, and the defendant appeals.— *Reversed.*

*Park Chamberlain* and *Herrick & Bauder,* for appellant.

*F. O. Ellison* and *Jamison & Smyth,* for appellee.

WEAVER, J.— The plaintiff alleges that a judgment having been rendered against him in favor of a third party he procured the defendant herein to become surety upon his bond for a stay of execution, and to secure said defendant against liability on the bond gave him his promissory note and a chattel mortgage on certain horses and other personal property. He further alleges that the defendant having been required to pay said judgment took and sold the mortgaged property, and received other property and money from the plaintiff to an amount more than sufficient to pay said indebtedness, and that thereafter other and further dealings were had between the parties covering a period of several

years, when an accounting and settlement was had between them.    In making this accounting plaintiff alleges that the defendant wrongfully charged him with the amount of said judgment or note which had already been once fully paid, thereby showing an apparent balance in defendants favor of about $540, and that plaintiff by mistake and oversight, supposing and believing said sum to be justly due, turned out and delivered to the defendant a valuable mare at an agreed value of $540, which defendant accepted in full settlement of his pretended claim.    On this showing judgment is demanded in plaintiff's favor for the agreed value of the mare, with interest.    A demurrer to this petition was sustained by the trial court, and, plaintiff electing to stand upon his pleading, defendant had judgment for costs.    On appeal to this court said judgment was reversed, and the cause remanded for trial on its merits.    *Johnson v. Saum,* 123 Iowa, 145.    Returning to the district court, the defendant answered, denying the petition.    He also avers that the settlement between himself and plaintiff was fair and equitable; that there was in fact a large balance then due him from the plaintiff, and that as a compromise and satisfaction of his demands and discharge of the debt so due him he accepted from plaintiff the mare mentioned in the petition, and delivered up the note and all evidences of indebtedness which he held against the plaintiff.    He further says the mare so received was not worth to exceed $30, and that plaintiff has never in any manner rescinded or sought to rescind said contract of settlement.    The issues thus joined were tried to a jury, and verdict returned for plaintiff for $465.    From the judgment entered thereon, the defendant has appealed.

I.    The defendant called several witnesses, by whom he offered to show that they knew the mare in question at the time she was delivered to defendant, and that her fair value at that time did not exceed $30.    Plaintiff's objection to this testimony as being immaterial and irrelevant was

sustained, and all evidence of the kind so offered was ex-
cluded. The ruling was clearly erroneous. In the first
place, the question whether there was an agreed valuation
placed upon the mare was the subject of dispute between
the parties on the trial, and, so far as it was material at all,
the truth of the matter was a question for the jury. In
the next place, even if we assume the truth of plaintiff's
story that these parties undertook to settle their mutual
accounts and claims, that by mistake or fraud the balance
struck showed a difference in defendant's favor of $500 or
more, when in fact nothing was due, and that plaintiff,
believing the result thus produced to be correct, delivered
the mare to defendant, and he accepted it in full discharge
of the apparent debt, the plaintiff, suing for damages, could
recover nothing more than the value of the property of
which he had thus been deprived. Referring to this ques-
tion on the former appeal, we took occasion to say that in
" no event can plaintiff recover more than the value of the
mare delivered, and not the amount of the note," and we
are still satisfied with the soundness of the proposition there
laid down. It is true that after the reversal of the judg-
ment entered on the defendant's demurrer the plaintiff,
possibly to avoid the force of the rule quoted from our
opinion upon the former appeal, amended his petition by
making a more explicit allegation of the agreed value of the
mare, and prayed for judgment for such agreed value instead
of judgment for the amount of the note. But we are not
able to see that this variation of front calls for the applica-
tion of any different measure of damages. In settlement
of their apparent difference of $540 in their accounting,
plaintiff had the right to offer the defendant a horse or any
other piece of property, and if accepted, an agreement so
made and carried out without mistake or fraud would be
binding upon both without regard to the value of such prop-
erty. The balance of account between them is not the price
of the property in the sense in which the word " price " is

used in an ordinary purchase and sale. It is more nearly correct to say that the property is the price of the settlement, and if for any reason the party making the delivery has good ground for repudiating the settlement so made, the utmost of his recovery will be the property itself or its fair market value. No authority opposed to this conclusion has been cited to us, and we think none can be found. It is an elementary, general proposition that a party wrongfully deprived of his property may hold the party in fault for its fair and reasonable market value and no more, save in instances in which exemplary damages are allowable. These propositions appear to us to be of such elementary character that we are not justified in taking time for their further discussion, or for the citation of authorities.

Other questions argued by counsel are less likely to arise on a retrial, and we need not make further reference to them. We should be glad to avoid sending this case back to the trial court, were it possible to do so without ignoring rules of law whose maintenance we consider highly essential to the administration of justice. These parties are brothers-in-law, who have indulged in years of quarrel and litigation, and the settlement here in question, which was made during one of the rare intervals of peace between them, ought not be disturbed, except for good cause clearly shown. It is a matter of interest to society that such unseemly wrangling be brought to an end as soon as may be consistent with due regard to regular procedure, and to that end we feel justified in expressing the devout hope that the unfortunate mare which has twice made the journey from the trial court to this court and back again may not be again compelled to repeat the dreary round. Possibly she emulates the legal history of that other domestic quadruped from Jones county, whose wide-spread fame long since overlapped the boundaries of our State (*Johnson v. Miller,* 63 Iowa, 529; *Johnson v. Miller,* 69 Iowa, 562; *Johnson v. Miller,* 82 Iowa, 693; *Johnson v. Miller,* 93 Iowa, 165),

and if so, we hazard nothing in suggesting to her sponsors the game is not worth the candle.

For the reasons stated a new trial must be ordered.— *Reversed.*