WILSON *v.* QUEEN INS. CO. OF LIVERPOOL AND LONDON.

*(Circuit Court, W. D. Pennsylvania. January 21, 1881.)*

1. CONTRACT—MISTAKE.

   Mutual mistake as to a material fact will avoid a contract.

2. SAME—SAME—EQUITY.

   It is not necessary for either party to go into a court of equity for the purpose of setting aside such contract.

3. SAME—SAME—INSURANCE POLICY.

   Under such circumstances a contract for insurance would not avoid a prior policy containing the usual condition against other insurance. —[Ed.

*Sur* Motion of *ex parte* Defendant for a New Trial.

*M. F. Elliott,* for plaintiff.

*George R. Bedford* and *Andrew F. Derr,* for defendant.

ACHESON, D. J. The policy of insurance sued on contains the usual condition against other insurance, and provides that a breach thereof shall avoid the policy. The defence relied on was that in violation of this condition the plaintiff took subsequent insurance in the Lycoming Mutual Insurance Company.

There was no conflict of evidence as to any material matter. The facts are as follows: On April 6, 1878, the plaintiff visited the office of E. B. Young, the agent of the Lycoming Mutual Insurance Company, in Wellsboro, Pennsylvania, in reference to insurance on other property. After he had transacted this business, and as he was hurriedly leaving to take a train to McKean county to attend a session of court, Young said to him that he had no insurance on the property, which afterwards burned, and suggested that he ought to have insurance on it. In response to this suggestion the plaintiff said that if he had no insurance on the property he wanted it insured, but he did not want the property insured twice. The plaintiff then signed a blank application for insurance and a blank premium note, which Young filled up and forwarded to the home office of the Lycoming Company. Shortly afterwards the company sent Young a policy to be delivered to the plaintiff.

It was a condition of the application to the Lycoming Company that the policy was not to go into effect until the stipulated cash premium was paid; and it was a provision of the policy that it should become void if the assured should make default for 30 days in payment of any assessment which might be made on the premium note. This policy also contained a condition that it should be void if there was other insurance on the property not disclosed and assented to.

The plaintiff did not pay the cash premium to the Lycoming Company, but Young paid it for him. This he did without express authority from the plaintiff, but there was some evidence of implied authority. The Lycoming policy was never delivered to the plaintiff, but was retained by Young, the agent of the Lycoming Company. An assessment on the premium note was made in May, 1878, and notice mailed to the plaintiff. Whether or not he received the notice did not appear, but he never paid the assessment. The plaintiff did nothing in recognition of the existence of a contract of insurance with the Lycoming Company, and he testified that the whole matter had passed from his mind until after his property was destroyed by fire in December, 1878. Soon after the fire the Lycoming Company, upon first learning of the prior insurance, marked their policy "cancelled."

At the trial several decisions were cited to show that the plaintiff was entitled to peremptory instructions in his favor upon the ground that, conceding the second contract of insurance to have been consummated, the policy was void under its clause against prior insurance, and the first policy, therefore, was not invalidated by the second. But it seems to the court that it was not necessary to put the case upon disputable ground when there was in the case an element not to be found in any of the reported cases, viz., the element of mutual mistake, which avoided the second policy *ab initio.* Therefore, the court charged the jury that if they found that the agent of the Lycoming Company and the plaintiff acted under a mutual misapprehension as to the existence of a prior policy, both *bona fide,* assuming that the property was

not already insured, there was no second contract of insurance in violation of the condition of the policy in suit. Of course, this instruction had regard to the other undisputed facts in evidence.

The jury found that there was such mutual misapprehension, and thereby, in my judgment, the plaintiff's case has been relieved from all sort of difficulty.

The plaintiff did not go to Young's office to effect insurance upon the property which was afterwards burned. The suggestion to take the insurance came from Young, who was ignorant of the prior policy, and supposed the property to be uninsured. The plaintiff was in haste to leave on a journey, and at the time overlooked and wholly forgot the insurance in' the Queen Company. Now a party who has *bona fide* entirely forgotten the facts, acts under the like mistake as if he had never known them. *Kelly* v. *Solari*, 9 Mees. & Wels. 54, 58. Here, then, the parties were dealing under a mutual mistake in respect to a matter of fact which constituted the very basis of the contract. Neither intended that there should be a second insurance, but both acted in the *bona fide* belief that the property was uninsured. It was a fundamental condition of the Lycoming policy that there was no prior insurance. This was of the very essence of the contract. The mistake, therefore, was as to a matter of fact, not only material but of vital importance. The parties having acted in such mutual error, neither of them could be held to the contract. Story's Eq. Jur. §§ 134, 140, *et seq.*

The case falls clearly within Chief Justice Gibson's apt definition of a mutual mistake of fact which will invalidate a contract, expressed in *Gibson* v. *The Union Rolling Mill Co.* 3 Watts, 32, 37, where he says: "But the misconception which avoids a contract is necessarily a mutual one, and of a fact which entered into the contemplation of both parties as a condition of their assent."

It is to be observed that it was not necessary for either of the parties to go into a court of equity to set aside the Lycoming policy. It had never been delivered, and as soon as

the mutual mistake was discovered by the company the policy was rightfully marked "cancelled." Under the finding of the jury and the other undisputed facts, I am of opinion that there was no binding contract of insurance between the plaintiff and the Lycoming Company; that the plaintiff acted in the best of faith to the defendant company, and that there was no breach by him of the condition of the policy sued on in respect to other insurance. The motion for a new trial must therefore be overruled.

And now, to-wit, January 21, 1881, the motion for a new trial is denied; and it is ordered that judgment in favor of the plaintiff be entered upon the verdict.