UNITED STATES v. D'OLIER ENGINEERING CO.

(District Court, E. D. Pennsylvania. July 17, 1914.)

No. 2516.

1. COURTS (§ 262*) — FEDERAL COURTS — EQUITY JURISDICTION — REMEDY AT LAW — RECOVERY OF OVERPAYMENT.

Under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1163 [U. S. Comp. St. Supp. 1911, p. 237]) § 267, providing that suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law, assumpsit for money had and received is the proper remedy to recover money paid under a mistake of fact.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 797, 798; Dec. Dig. § 262.*]

2. PAYMENT (§ 85*)—RECOVERY OF MONEY PAID UNDER MISTAKE—MISCALCULATION.

Defendant contracted to furnish two boiler plants for the Canal Zone, one at Gatun and the other at Miraflores, the price to be determined by an efficiency test; plaintiff agreeing to pay $1,000 above the contract price as a bonus for each 1 per cent. of efficiency above 65, and defendant agreeing to suffer a deduction of $1,000 for each 1 per cent. of efficiency below 65. The engineers, in making the test, erred in adopting as a factor in determining the evaporation the total heat in superheated steam, instead of the total heat in saturated steam, so that the boilers were erroneously reported to have a greater efficiency than the test demonstrated that they had, on which report the government paid defendant $10,331.65 in excess of the amount to which defendant was rightfully entitled. *Held*, that the excess so received was without consideration, and defendant was liable to refund the same as money paid under a mutual mistake of fact.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 272-281; Dec Dig. § 85.*]

At Law. Action by the United States against the D'Olier Engineering Company. On demurrer to plaintiff's statement of claim. Overruled, with leave to answer.

Warren C. Graham, Asst. U. S. Atty., and John C. Swartley, U. S. Atty., both of Philadelphia, Pa.

Wm. B. King, of Washington, D. C., for defendant.

THOMPSON, District Judge. This is a suit in assumpsit for money had and received, brought to recover the sum of $10,331.65, alleged to have been paid through a mistake of fact, with interest from May 1, 1910. The statement recites that the United States, through the Isthmian Canal Commission, had a contract with the D'Olier Engineering Company, dated November 17, 1908, for the erection of two boiler plants, one at Gatun and the other at Miraflores, in the Isthmus of Panama, at a price of $60,335 for each plant. The price of the boilers, according to the contract, was based upon an efficiency of 65 per cent. developed by a certain test provided in the contract. In case the efficiency fell short of 65 per cent., the price of the plant was to be reduced $1,000 for each 1 per cent. below the efficiency percentage, and should the test demonstrate that the efficiency exceeded 65 per

cent. $1,000 was to be added for each increase of 1 per cent. above the efficiency percentage. It was provided in the contract that:

"There shall be conducted on at least one boiler of said plant an official test made by the engineer of the commission in charge or his deputy designated for the purpose and an official representative of the contractor, * * * and the same to be conducted under the conditions described in paragraph 4 of the specifications given under item 1 of circular No. 444."

There were subsequent amendments of the contract, but there was no amendment of the provision in relation to the payment of $1,000 for each 1 per cent. of efficiency above 65. The statement avers that the plant at Gatun was tested in accordance with the contract, and from the record of the test the engineers having charge of the matter, as provided in the contract, made computations and found that the boiler had attained an efficiency of 79.72 per cent., an excess of 14.72 over the efficiency prescribed by the contract. Thereafter the plant at Miraflores was similarly tested, and from the record of the test the engineers made computations and found that the boiler had attained an efficiency of 82.59, an excess of 17.59 over the efficiency prescribed in the contract. It is averred that, after these tests were made, supplemental agreements were entered into February 28, 1910, and May 10, 1910, by which the government, inter alia, agreed to pay the contractor the $14,720 due for excess efficiency in the boilers of the Gatun plant and the $17,590 due for excess efficiency in the boilers in the Miraflores plant. In these supplemental agreements, arrangement was made for payment of other items under the contracts. It is then averred that:

"Thereafter, in January, 1911, the plaintiff discovered that a mistake had been made by the engineers having the computation in charge in calculating the figures of efficiency already referred to, to wit, of 79.72 per cent. on the boiler at Gatun and of 82.59 per cent. on the boiler at Miraflores. By a recalculation it appeared that the original figures had been arrived at by an erroneous method of computation; the error being based on the fact that the factor of evaporation had been determined by using the total heat in superheated steam instead of the total heat in saturated steam. A new computation was thereupon made, and it then appeared that the correct efficiency of the boiler at Gatun was 74.26 per cent. and of the boiler at Miraflores was 75.71 per cent. Instead of being entitled to a bonus of fourteen thousand seven hundred twenty dollars ($14,720) on the Gatun boiler the defendant was entitled only to nine thousand two hundred sixty dollars ($9,260), and instead of being entitled to a bonus of seventeen thousand five hundred ninety dollars ($17,590) on the Miraflores boiler the defendant was entitled to only ten thousand seven hundred ten dollars ($10,710), and had consequently been awarded an excess allowance on these two items to the extent of twelve thousand three hundred forty dollars ($12,340), of which amount ten thousand three hundred thirty-one dollars and sixty-five cents ($10,331.65) had actually been paid to the said defendant by the plaintiff. Immediately on the discovery of this mistake, the plaintiff notified the defendant and demanded the return of the excess payment, amounting to ten thousand three hundred thirty-one dollars and sixty-five cents ($10,331.65) as aforesaid, and payment was refused. No part of this sum has ever been paid by the defendant to the plaintiff, and the whole thereof is now justly due and payable."

The defendant demurs to the statement of claim, and assigns as the special grounds of demurrer required under rule 20, § 3, of the rules of this court, that the agreements of February 28, 1910, and May 10,

1910, were final settlements of the rights of the parties, and cannot be reopened on account of the erroneous method of computation alleged to have been adopted in calculating the figures of efficiency, and that the rates of efficiency fixed by the officers as a result of tests made by them, having been accepted by the defendant as one of the elements of the final settlement of disputed matters embraced in the said agreements, cannot be set aside, changed, or corrected by reason of the alleged erroneous method of computation alleged to have been made in calculating the figures of efficiency.

[1] At the argument, and in his brief, counsel for defendant further urged that an action at law was not the proper form of remedy in the case. By demurrer the defendant admits the facts set out in the statement of claim, and, if the statement is to be construed as setting up a mistake of fact upon which the plaintiff paid money to the defendant by mistake, for which there was no consideration, the action of assumpsit for money had and received is a proper remedy.

"It lies for money which exæquo et bono the defendant ought to refund; * * * it lies for money paid by mistake; or upon a consideration which happens to fail. * * * In one word, the gist of this kind of action is that the defendant upon the circumstances of the case is obliged by the ties of natural justice and equity to refund the money." Per Lord Mansfield in Moses v. MacFerlan, 2 Burr. 1005.

The action must be based upon a mutual mistake of fact. Ege v. Koontz, 3 Pa. 109; Kingston Bank v. Eltinge, 40 N. Y. 391, 100 Am. Dec. 516. Under such circumstances money paid by mistake may be recovered back. In re F. & M. Mech. Bank (D. C.) 13 Fed. 361; Brown v. District of Columbia, 17 Ct. Cl. 402; Behring v. Somerville, 63 N. J. Law, 568, 44 Atl. 641, 49 L. R. A. 578; Walker v. Conant, 65 Mich. 194, 31 N. W. 786; Hudson River Water Power Co. v. Glen Falls Cement Co., 186 N. Y. 597, 79 N. E. 1107; U. S. v. Charles et al., 74 Fed. 142, 20 C. C. A. 346; Allen v. Hammond, 36 U. S. (11 Pet.) 63, 9 L. Ed. 633; Scriba v. Insurance Co., 21 Fed. Cas. 874; Wilson v. Insurance Co. (C. C.) 5 Fed. 674.

The contract between the parties is no longer executory, except in so far as the payment of money by the plaintiff is concerned. There is no question involving the rights of other parties, or any involved method of accounting, which requires the suit to be in equity rather than at law. There is no question of restoration of the parties to their prior status, for the item in the contract under which the plaintiff agrees to pay for the excess efficiency is merely a carrying out of the express terms of the original contract, and everything else to be done has been done by the parties. The suit clearly comes within section 267 of the Judicial Code of March 3, 1911, providing:

"Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law."

[2] It is apparent from the facts set out in the statement of claim that the defendant has received without any consideration therefor the amount claimed in the suit. The item in the supplemental contracts for payment of the $1,000 for each per cent. of excess efficiency was not in compromise of a claim in dispute, but was a statement of a sup-

posed existing liability under the original contract. It appears from the statement of claim, however, that it was based upon a mutual mistake of fact. It does not come within the class of cases in which the courts have refused to interfere with the findings of tribunals selected by the parties, or in which ascertained facts are to be accepted as a basis for the findings of such tribunals. The engineers were to make a test and the amount to be paid was to be in accordance with what was demonstrated by that test. The question is not what did the engineers selected to make the test report? but what did the test demonstrate as to the efficiency of the boilers supplied under the contract? The plaintiff is not seeking to have a new test made, but is accepting the test as made. At that test the efficiency of the boilers was demonstrated and the figures noted. In making a computation of the figures, however, an error was made in adopting as a factor in determining the evaporation the total heat in superheated steam, instead of the total heat in saturated steam, and the boilers were erroneously reported to have a greater efficiency than the test demonstrated that they had.

Both parties, relying upon the report of the engineers, agreed to the item liquidating the amount to be paid for excess efficiency, which amount was subsequently set out in the supplemental agreements, and, in pursuance of that liquidation, the defendant has received the money claimed in this suit, without giving any consideration therefor. The defendant is liable for repayment of the money erroneously paid by the plaintiff, and erroneously accepted by the defendant under such a mutual mistake of fact, and the form of action selected in this case is a proper one.

The demurrer is overruled, with leave to the defendant to file an affidavit of defense within 15 days.