# CHARLESTON.

## SHINN v. SHINN.

### Submitted March 21, 1916.   Decided March 28, 1916.

1. ASSIGNMENTS—*Public   Office—Agreement   to   Divide   Profits— Validity.*

   R. P. Shinn and his brother J. O. Shinn owned a farm jointly, and for many years were partners, dividing equally the profits of their business; R. P. Shinn was elected sheriff of his county, and by an agreement between them, J. O. Shinn was to continue the farming business, and R. P. Shinn was to act as sheriff, (J. O. Shinn having no connection with the office of sheriff); all the expenses of the office, including election expenses, were to be paid from their partnership funds, and the profits arising from the office, together with the profits arising from the farm, were to be

placed in a common fund and divided equally between them, *held:*
This was not an illegal contract, nor a violation of section 5, chap-
ter 7, of the Code.   (p. 52).

2.   SAME—*Public Office—Agreement to Divide Profits—Validity—*
   *"Sell"—"Let to Farm."*

   By the contract above stated, the plaintiff as sheriff neither
   sold the office, nor "let it to farm." The defendant, J. O. Shinn,
   acquired no interest whatever in the office.   (p. 52).

3.   PAYMENT—*Payment Under Mistake—Recovery in Assumpsit.*

   A person paying money under a mistake of fact to one not en-
   titled to receive or retain it, may recover it in assumpsit.   (p. 49).

4.   PLEADING—*Striking Out Plea.*

   A plea which raises no substantial defense to the action, is bad.
   (p. 50).

5.   APPEAL AND ERROR—*Disposition of Cause—Defective Pleading.*

   In an action of assumpsit, where there is a plea of nonassumpsit,
   and issue thereon, and fair, full, and complete trial had on the mer-
   its, by the court in lieu of a jury, and a judgment for the de-
   fendant, and it appears to this court upon writ of error, that the
   judgment under the law and the evidence should have been for the
   plaintiff; this court will reverse the judgment of the circuit court
   and enter judgment for the plaintiff, notwithstanding the court
   permitted the defendant to file a deficient plea in the case over the
   objection of the plaintiff. The defendant will not be heard to com-
   plain of a bad plea filed by him to which the plaintiff objected, and
   the plaintiff will not be injured, or have cause to complain. (p. 51).

Error to Circuit Court, Jackson County.

Action by R. P. Shinn against J. O. Shinn.   Judgment for
defendant, and plaintiff brings error.

> *Reversed and rendered.*

*Warren Miller, Elmer L. Stone, J. L. Wolfe,* and *N. C.
Prickett,* for plaintiff in error.

*Rankin Wiley,* for defendant in error.

MASON, JUDGE:

The plaintiff, R. P. Shinn, and the defendant, J. O. Shinn,
are brothers. For many years they were partners, and con-
ducted large, prosperous and varied businesses. They owned
a large and valuable farm, the products of which were used

in common, and the profits equally divided.   The bank account was kept in the firm name of J. O. Shinn and Brother. Each made deposits in and drew checks on the bank in the firm name.   Each ran for office and paid campaign expenses out of the common fund, and divided equally the net proceeds of the office earnings.   In 1900 J. O. Shinn was elected sheriff of the county, and the proceeds of the office were divided between him and his brother.   He was succeeded in the office by his brother, R. P. Shinn.   The expenses of the campaign were paid by the brothers jointly, and the proceeds of the office were divided.   In 1908 J. O. Shinn was elected state senator, and the expenses of his campaign were borne by the brothers equally.   At length the brothers had some misunderstanding, and in October, 1909, they made a settlement of their accounts.   R. P. Shinn bought his brother's interest in the farm, and upon casting up the accounts between them, it appeared that in addition to the purchase money for the farm he owed J. O. Shinn $814.82, for which he gave his check, October 19, 1909.   It is claimed by plaintiff that in this settlement he made a mistake and paid the defendant $420.95 more than he was entitled to.   It appears that the plaintiff paid $841.90 on account of money due from him as sheriff to certain school and road districts, and that the sum of $841.90 was not considered in the settlement with the defendant, and that the plaintiff is entitled to recover from the defendant the sum of $420.95 paid him by mistake, being one-half of the sum of $841.90; and this suit was brought for that purpose. The case was submitted to the court in lieu of a jury, and judgment for the defendant.

The action was assumpsit.   The declaration contained the common counts only.   There was filed with the declaration an account stating the several items of the plaintiff's claim, as required by section 11, chapter 125 of the Code.   In this bill of particulars the plaintiff specifies the nature of his demand and gives notice to the defendant that he will offer proof of this statement upon the trial.   The bill of particulars states that upon the 19th day of October, 1909, the plaintiff gave the defendant a check for $814.82; that the sum of $420.95, a part of the $814.82, which went into and made up the amount of

the check was a mistake, and erroneously entered into the said sum of $814.82, and was erroneously written into said check, and was paid to the defendant without any consideration; that the facts which caused the mistake in said check and the payment of the money were unknown to the plaintiff and could not have been known to him at the time he made and delivered the check to the defendant, and at the time the money was paid. And further specifying the items upon which the plaintiff demands payment and the facts out of which the mistake arose, the plaintiff added the following statement: "To money erroneously paid J. O. Shinn by said R. P. Shinn and which said J. O. Shinn is entitled to repay to said R. P. Shinn, and being the one-half of the following two amounts, $805.37, $36.53, which said two amounts being composed of various items of cash received by R. P. Shinn as late sheriff of Jackson County, and which had not been properly charged to him as such sheriff in his various settlements covering the years 1905, 1906, 1907, 1908; and which an audit of the sheriff's accounts made by the Tax Commissioner's Office of the State of West Virginia showed to be due from said sheriff to the State of West Virginia, the County of Jackson and the several districts of said county, to which several funds said money properly belonged; and one-half of said funds were erroneously paid to the said J. O. Shinn by the said R. P. Shinn before the said audits aforesaid disclosed the fact that the several funds were due the respective funds to which they properly belonged and to which the said R. P. Shinn was afterwards compelled to refund and pay to the same," to which there was appended a statement showing the particular funds to which the plaintiff was indebted, and which he claims to have paid. As will be seen, the plaintiff's pretentions are that he paid these several sums amounting to $841.90 to the Tax Commissioner and the Auditor, and that in so doing he paid $420.95 which before that time he had paid the defendant by mistake, and that having paid it by mistake, he may recover it back from the defendant in an action of assumpsit.

The defendant pleaded non-assumpsit, and filed three special pleas. Plea No. 1 was rejected, and No. 2 not completed.

Issue was joined on the plea of non-assumpsit. Special Plea No. 3 is as follows: ''The defendant comes and defends the wrong and injury when &c. and for plea in his behalf says, that the plaintiff ought not to have and maintain his action aforesaid against him, and thereupon the defendant says, that in November, 1905, R. P. Shinn, the plaintiff was elected sheriff of the county of Jackson, that the said plaintiff contracted with the defendant J. O. Shinn, that if he, said defendant would pay one-half of the expenses of the plaintiff in securing the said office of sheriff of said county of Jackson, and otherwise aid the said plaintiff in administering the said office, that he the said defendant, should have one-half of all the emoluments of said sheriff's office, for the years 1906, 1907, 1908 and 1909, which was done by this defendant. The said sheriff served as such sheriff of Jackson County for the four years named above, and thereafter pretended to make settlement of all the profits and emoluments of said sheriff's office, for the said four years aforesaid with this defendant, that this defendant permitted the said plaintiff to make such report of the profits and emoluments of said office for the four years aforesaid as he saw proper to make, and this defendant accepted such sum from the said plaintiff, as he, the said plaintiff saw proper to pay him, this defendant, and that as a result the said plaintiff paid to this defendant the sum of $420.95 as the balance of his one-half of the profits and emoluments of said office, at the time of such settlement but with the agreement that said settlement was made without reference to a probable suit to recover 2½ percent of commissions allowed to said R. P. Shinn as late sheriff of said Jackson County and the further agreement that in case the defendant R. P. Shinn, should be required by suit or otherwise to refund to the State, County and to the several districts of said Jackson County the said 2½ percent so allowed to him that this defendant should repay to the plaintiff an equal one-half of any and all amounts the said R. P. Shinn might thereafter be required to pay on account of the said commissions called by said plaintiff and defendant the ''Discount commission'' which had been allowed and paid to the said plaintiff as late sheriff in his settlement of taxes collected by him dur-

ing his said term of office as late sheriff which agreement was
in writing and is in the words and figures following, to-wit:
'This agreement made and entered into this 19th day of
October, 1909, between J. O. Shinn and R. P. Shinn, witness-
eth: That in consideration of the settlement of the profits
arising from the emoluments of the sheriff's office of the said
R. P. Shinn, late sheriff, the said settlement having been made
without reference to a probable suit to recover the 2½ per-
cent commission allowed to said R. P. Shinn, as late sheriff
of Jackson, West Virginia, the said R. P. Shinn having paid
to said J. O. Shinn, the one-half of the emoluments of said
office, in the said settlement between them as late partners, it
is hereby agreed between the parties hereto, that in the event
the said R. P. Shinn shall be required by suit or otherwise to
refund to the State, County and the several districts of the
said county the said 2½ percent so allowed to him, that the
said J. O. Shinn shall and will repay to said R. P. Shinn an
equal one-half of any and all amounts the said R. P. Shinn
may be hereafter required to repay on account of the said
commission, called by the parties hereto the "Discount Com-
mission" allowed and paid to said R. P. Shinn as late sher-
iff in his settlement of the taxes collected by him during his
said term of office as such late sheriff; said J. O. Shinn to pay
an equal one-half of said commissions, in the event the same
shall be required to be refunded by the said R. P. Shinn, late
sheriff. Witness the following signatures' Signed by both
parties. And this defendant says that said contract and
agreement grew out of the farming or pledging to him one-
half of the profits and emoluments of said office of sheriff
for the time aforesaid by the plaintiff R. P. Shinn. And de-
fendant avers that no suit was brought or other proceeding
had to require the plaintiff to refund the 2½ percent com-
missions which he had been allowed, and this, he is ready to
verify."

The plaintiff moved to reject this plea. The motion was
overruled and the plea filed, and a trial had. The record
does not show that there was a replication to this plea; it
concludes with a verification. A replication was necessary,
and issue thereon, as a general rule, before there could be a

trial. *B. & O. R. R. Co.* v. *Faulkner,* 5 W. Va. 180. *Curry* v. *Mannington,* 23 W. Va. 14 . There was an issue on the plea of non-assumpsit, and a trial had on the merits including the defense set up in this special plea. Without now deciding whether a judgment would be set aside under the circumstances, we may inquire whether or not the court should have permitted Plea No. 3 to be filed.

The plea of non-assumpsit cast upon the plaintiff the burden of proving his claim. The defendant's special Plea No. 3 introduced new matter by way of defense. It alleges in substance that plaintiff was elected sheriff of Jackson County, and that he and the defendant made a contract that he (the defendant) would pay half the plaintiff's expenses in securing said office and otherwise aid the plaintiff in administering the office, that he (the defendant) should have one-half the emoluments of the office, that the plaintiff served four years and pretended to make a settlement of the emoluments and profits of the office for said term, and defendant permitted the plaintiff to make a report of the said profits and emoluments, and that the defendant accepted the same, and that as a result the plaintiff paid $420.95 as the balance of his one-half of such profits and emoluments, but with an agreement that the settlement was made with referance to a probable suit to recover 2½ percent of commissions allowed to the plaintiff, etc. The defendant then pleaded the contract of October 19, 1909, in defense of the plaintiff's demand.

It will be observed that this contract relates solely to what shall be done in case the plaintiff shall be required to refund certain money allowed him as commissions. This contract would be proper evidence in a case wherein the plaintiff was seeking to recover from the defendant money paid by him on account of these commissions. But plaintiff does not claim anything on this account. This suit is not for that purpose. Plaintiff's claim, as we have seen, was based on entirely different grounds in nowise connected with this contract providing for refund of money paid by plaintiff to refund allowance made for commissions. Therefore, the plea should have been stricken from the record on the motion of the plaintiff. It raised an immaterial issue, and presents no defense to plain-

tiff's demand. "Where a plea is so defective as not to raise a substantial defense to the action," it is bad. *State* v. *Seabright*, 15 W. Va. 590. By comparing the plea with the plaintiff's demand it will readily appear that the plea is no reply to plaintiff's declaration, nor does it present any defense. This is reversible error. But should this court under the circumstances send the case back to the circuit court for a new trial?

The plea of non-assumpsit was in and issue joined on it. A full and complete trial was had upon the merits. The defendant was permitted to show what the contract between the plaintiff and defendant was, in regard to the sheriffalty. The plaintiff was required to prove the allegations of his declaration relied on by him, and the mistake alleged in his bill of particulars. The filing of an improper plea by the defendant is an error of which he can not complain. If the court can see that the case is for the plaintiff on the proof and shall so find, he will not be aggrieved. To reverse the case now and award a new trial for causes in no way affecting the merits, would be to sacrifice justice to technicalities. *Huffman* v. *Alderson's Admr.*, 9 W. Va. 616, pp 633-4-5. There is no controversy as to the fact that after the plaintiff and the defendant had their settlement of October 19, 1909, the plaintiff paid out $841.90 on account of his liability as sheriff, and that this would have reduced the amount he was required to pay his brother to the extent of one-half that sum, had it been known when they settled, and that it was not included in that settlement, and that this indebtedness was not known at that time, and that by this omission the defendant was paid $420.95 more than he was entitled to under the arrangement conceded by both parties to be correct. The contract or arrangement between the two, in regard to the expenses and emoluments of the office of sheriff and the division of profits, was fully proved; indeed there was no dispute as to what the arrangement was. Whether it was illegal or not is a question of law. Under the circumstances we think we are justified in disregarding the error of filing the plea, and decide the case upon the plea of non-assumpsit, and the testimony submitted by the parties.

The defendant's contention is that the contract in relation to the expenses and emoluments and profits of the office of sheriff is illegal—that it amounted to a sale or letting to farm of the office, in violation of section 5, chapter 7 of the Code. We are of opinion that this contract is not subject to this criticism. Under the contract the plaintiff did not sell or let to farm, either in whole or in part, the office. The defendant did not become sheriff or deputy. He acquired no official position. The arrangement, so far as the court can see, was a perfectly legal one. The brothers owned a farm jointly. They had long been partners. One of them was elected sheriff. The other continued the farming business. They agreed that the profits of all the business including the sheriffalty should be divided equally between them as the profits of their business had been divided for many years. For the time being one was a sheriff, the other a farmer. Their earnings went into a common fund, and was divided between them. We can see no wrong in this. The plaintiff has shown by undisputed proof that he paid the money to the Tax Commissioner and Auditor, and that by mistake the sum paid was not taken into consideration in the settlement between the parties; and therefore the defendant should refund it.

The judgment of the circuit court should be reversed, and a judgment rendered for the plaintiff for $420.95, with interest and costs.

*Reversed and rendered.*