(July 27, 1923.)

## J. F. ROHN, Appellant, v. LUARD E. GILMORE and FLOY V. GILMORE, His Wife, Respondents.

[217 Pac. 602.]

MONEY HAD AND RECEIVED—MISTAKE—OVERPAYMENT.

Money paid under a mistake of fact may be recovered if it was not due or payable, and in good conscience ought to be returned.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action for money had and received. Judgment for defendant. *Reversed.*

Morgan & Keane and E. C. Boom, for Appellant.

Money paid under a mistake may be recovered back if the money was not due or payable and in good conscience ought to be returned. (*Supreme Council Catholic Knights of America v. Fenwick,* 169 Ky. 269, 183 S. W. 906; *Green v. E. H. Taylor & Sons,* 184 Ky. 739, 212 S. W. 925; *Dunham v. McDonald,* 34 Cal. App. 744, 168 Pac. 1063; *Prowinsky v. Second Nat. Bank,* 265 Fed. 1003, 49 App. D. C. 363, 12 A. L. R. 358; *United States v. D'Olier Engineering Co.,* 215 Fed. 209; *Shinn v. Shinn,* 78 W. Va. 44, 88 S. E. 610, L. R. A. 1916E, 618; *Michalke v. Brown* (Tex. Civ.), 185 S. W. 429; *Ragsdale v. Turner,* 141 Iowa, 604, 120 N. W. 109; *Fidelity Savings Bank v. Reeder,* 142 Iowa, 373, 120 N. W. 1029; *Aetna Life Ins. Co. v. Flour City etc. Iron Works,* 120 Minn. 463, 139 N. W. 955.)

Whenever one party has in his possession money which in equity and good conscience belongs to another, the law raises

Publisher's Note.

Right to recover back money paid under a mistake, where the money was legally collectable at the time of payment, see note in L. R. A. 1916F, 538.

a promise upon his part to repay it. (*Milner v. Pelham,* 30 Ida. 594, 166 Pac. 574; *Kreutz v. Livingston,* 15 Cal. 344.)

Where a mistake occurs in the payment of the amount of the consideration expressed in a deed or where said expressed consideration is erroneous, it is not necessary to reform said deed in order to recover money so erroneously paid. (*Shoenhair v. Merrill,* 165 Iowa, 384, 145 N. W. 919; *Flynn v. Flynn,* 68 Mich. 20, 35 N. W. 817; *Ragsdale v. Turner, supra.*)

Parol testimony is competent and proper with reference to the consideration in a deed to explain or contradict it where such explanation or contradiction does not impeach the validity of the deed nor impair its operation as a conveyance. (*Shehy v. Cunningham,* 81 Ohio, 289, 90 N. E. 805, 25 L. R. A., N. S., 1194; *Cheesman v. Nicholl,* 18 Colo. App. 174, 70 Pac. 797; *Kee v. Davis,* 137 Cal. 456.

Geo. G. Pickett, for Respondents.

Where the facts are equally known to both parties, and where each has equal means of information, moneys paid under a mistake of facts cannot be recovered in the absence of fraud or duress. (*Behing v. Somerville,* 63 N. J. L. 568, 44 Atl. 641; *Richey v. Clark,* 11 Utah, 467, 40 Pac. 717; *Wheeler v. Hatheway,* 58 Mich. 77, 24 N. W. 780; 34 Cyc. 1319, and cases cited therein.)

Where a deed is delivered and accepted as performance of a contract to convey, the contract is merged in the deed. The contract is *functus officio,* and the rights of the parties rest thereafter solely on the deed. (*Farrant v. Troutman,* 42 Okl. 418, 141 Pac. 777; *Hunt v. Amidson,* 4 Hill (N. Y.), 345, 40 Am. Dec. 283; *Simmons v. Northern Pacific R. R. Co.,* 88 Wash. 384, Ann. Cas. 1918C, 1184, 153 Pac. 321, 155 Pac. 1039; *Hampe v. Higgins,* 74 Kan. 296, 85 Pac. 1091; *Bryan v. Swain,* 56 Cal. 616; *Enos v. Anderson,* 40 Colo. 395, 93 Pac. 475; *West Boundary Real Estate Co. v. Bayless,* 80 Md. 495, 31 Atl. 442.)

Where there is no fraud in the execution or delivery of a deed a grantee who has accepted the deed by which he "assumes and agrees to pay" a certain mortgage on the premises, and to "save the grantor harmless therefrom," cannot show by parol evidence that he made no such agreement. (*Muhling v. Fiske,* 131 Mass. 110; *Whitney v. Dewey,* 10 Ida. 633, 69 Am. St. 572, 80 Pac. 1117; *Josslyn v. Daly,* 15 Ida. 137, 96 Pac. 568.)

In case of a mistake by the scrivener in the drawing of an instrument, the mistake should be corrected by reforming the instrument. (34 Cyc. 910.)

McCARTHY, J.—This is an action for money had and received tried to the court without a jury. May 23, 1919, appellant and respondents entered into a written contract, by which appellant agreed to buy, and respondents agreed to sell, certain real estate for $34,000, of which $1,700 was paid in cash and $32,300 was to be paid on or before August 1, 1919. The Potlatch State Bank held two mortgages on the land for $6,000 each. On July 31, 1919, the day before the final payment, interest had accrued on these mortgages in the amount of $542. On that day appellant claims it was agreed that if he would assume and agree to pay the amount then owing from respondents to the bank on said mortgages, respondents would accept this in lieu of cash. Appellant paid respondents $20,300 in cash. Thereupon respondents executed and delivered to appellant a warranty deed to the premises in which it is stated that the consideration is $22,000 in money, and that the conveyance is made subject to the two mortgages for $6,000 each, which the grantee assumes and agrees to pay. Subsequently, when the interest fell due, appellant discovered that $542 interest had accrued at the time of the final settlement, and he paid it. Credit had been given him for only the $12,000 principal of the mortgages. Appellant brought an action for money had and received claiming that he had overpaid respondents by $542. Respondents contended that the relief sought by appellant called for a reformation of the deed, and the trial court

shared this view. A demurrer was sustained to the first complaint, and appellant filed an amended complaint, in which he asked that the deed be reformed if the court found it necessary. The amended complaint sets up substantially the facts as above outlined, and seeks to recover the $542. The answer admits there was $542 interest due on the mortgages at the time of the settlement and that appellant paid it. It denies that respondents agreed to accept in lieu of cash the total amount then owing by them to the bank on account of the mortgages. The trial court found that the contract was merged in the deed, and the deed became the contract between the parties, that under it respondents continued to remain personally liable on the notes secured by the mortgages, and this was sufficient consideration for appellant's paying the interest. The court further found that the assumption of the mortgages included the interest, that appellant paid the $542 voluntarily and with full knowledge of all the facts, and that there was no mistake. Judgment was entered for respondents.

Stripped of all nonessentials the case is a very simple one, the only question being whether appellant overpaid respondents by mistake. There is no question here of varying the terms of a written instrument. It is elementary that the statement of consideration in a written instrument is not subject to the general rule against varying a writing, and the true facts may be shown as to what was agreed to be paid and what was actually paid. There is no necessity here for reforming the deed.

There is really no conflict in the evidence as to the material facts. Appellant testified that respondent Luard Gilmore said the whole consideration was $34,000, that Mr. Bottjer, cashier of the Potlatch State Bank, who drew the deed for them, deducted the $1,700 which had been paid, and the amount of the mortgages, and appellant gave a check for the balance. Bottjer testified that they told him the total consideration was $34,000, that he deducted the $12,000 represented by the two mortgages, and the $1,700 initial payment, and appellant gave a check for the balance

of $20,300. He testified that accrued interest on the mortgages was not considered or discussed in any manner. Respondent Luard Gilmore testified that appellant proposed to assume the two mortgages just as they stood and pay respondents $22,000, that there was nothing said about the interest at the time the settlement was made. He stated:

"No, there was never a question raised as to the interest at all. He said he would assume the mortgages, and I didn't figure that there was any interest due, any more than there would be taxes due at that time. If you could figure the interest due at that time, I would figure there would be so much taxes at that time; the interest wasn't due until in the fall."

He testified he told Bottjer the purchase price was $34,000 because it was the cash price.

Appellant contends that the intention of the parties at the time of the settlement was that the consideration should still be $34,000, and that appellant should be credited *pro tanto* with the total amount of the mortgage debt as it stood at that time, which would be $12,000 principal and $542 interest, that the matter of the accrued interest was overlooked by mistake, and consequently appellant was credited with only $12,000, whereas he should have been credited with $12,542. If such are the facts appellant is entitled to recover. Money paid under a mistake of fact may be recovered back if it was not due or payable and in good conscience ought to be returned. (*Milner v. Pelham*, 30 Ida. 594, 166 Pac. 574; *Supreme Council Catholic Knights of America v. Fenwick*, 169 Ky. 269, 183 S. W. 906; *Dunham v. McDonald*, 34 Cal. App. 744, 168 Pac. 1063; *Prowinsky v. Second Nat. Bank*, 265 Fed. 1003, 49 App. D. C. 363, 12 A. L. R. 358; *United States v. D'Olier Engr. Co.*, 215 Fed. 209; *Shinn v. Shinn*, 78 W. Va. 44, 88 S. E. 610, L. R. A. 1916E, 618; *Michalke v. Brown* (Tex. Civ.), 185 S. W. 429; *Ragsdale v. Turner*, 141 Iowa, 604, 120 N. W. 109; *Fidelity Savings Bank v. Reeder*, 142 Iowa, 373, 120 N. W. 1029; *Aetna Life Ins. Co. v. Flour City Ornamental Iron Works*, 120 Minn. 463, 139 N. W. 955.) *Kimpton v. Studebaker Bros.*

*Co.*, 14 Ida. 552, 125 Am. St. 185, 14 Ann. Cas. 1126, 94 Pac. 1039, does not conflict with the above because there the money was paid with a full knowledge of the facts, and without any mistake. If any mistake was made in the instant case, it was a mistake of fact, and cases holding that payment cannot be recovered where made with full knowledge of the facts, but by mistake of law, are not in point.

Respondents claim that there was no mistake, that the original deal was abandoned and a new one made, by which appellant agreed to pay $22,000 and assume the mortgages, including the accrued interest. If that was the agreement the judgment is correct. But the evidence does not support the findings in this regard. It is true that appellant agreed to assume the mortgages, but it is clear from all the evidence that it was understood he should be credited with the amount of the mortgage debt which he was assuming. Respondent's theory that appellant was to pay the $542 interest in consideration of respondent's consenting to the change in method of payment finds no support in the evidence. Neither does the finding of the trial court that appellant paid the interest voluntarily. None of the parties thought of the accrued interest at the time of the settlement. Some months later, when appellant went to the bank to pay the interest, he discovered for the first time that several months' interest had accrued at the time the deed was delivered. As between himself and the bank, he, of course, had to pay the interest. This does not preclude him from claiming that he overpaid respondents. We conclude that the evidence shows without conflict that the agreement was to credit appellant with the amount owing on the mortgages from respondents to the bank at the time of the settlement, that, owing to an honest mistake on the part of all concerned, the $542 interest was overlooked and should have been credited to appellant on the purchase price.

The judgment is reversed and the cause remanded, with instructions to enter judgment for appellant in the amount of $542. It would be unjust to charge respondents with any interest prior to the time that appellant actually paid the

money. It was appellant's duty to show when he paid it. This he failed to do other than to show that it was some time after October 19, 1919. Therefore no interest can be allowed. Costs are awarded to appellant.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.