B. HOFFMANN, Appellant, v. H. M. COCKRELL.

Action for Rent: CONSTRUCTION OF AGREEMENT: *Instructions.* In 1893, plaintiff agreed in writing to make certain improvements on the premises, which were then occupied by defendant as a tenant, who was to remain in possession during the continuance of the work on certain terms; and plaintiff thereby leased the premises to defendant "for a term of three years commencing as soon as the building shall be completed." Defendant was

permitted to vacate while part of the improvements were being made, and re-entered in December, 1893. Plaintiff alleged that the written agreement was thereby abandoned, and that it was orally agreed that the three years' term should commence January 1, 1894. Defendant, who claimed under the written agreement, alleged that the improvements were not completed until January 16, 1897; that his term did not expire until three years after that date. *Held*, in an action to recover double rent from January 1 to 16, 1897, that an instruction that if the improvements were completed when defendant re-entered, the three years' lease provided for in the written agreement would begin from that time, and terminate three years thereafter, was not misleading.

**Instruction and Plea:** Where a lessor, in a suit for rent, alleged that an oral agreement between the parties was for a term of three years from the time the lessor entered, an instruction stating that the plaintiff contended that defendant occupied part of the premises "without any agreement or lease for any specified time or term" was not objectionable, on the ground that it was not in harmony with plaintiff's claim.

SAME. Where the amount of rent for a certain month depended on when the term commenced, an instruction that if defendant's clerk, by reason of a mistake as to facts, had paid plaintiff, the lessor, a greater sum than was due for that month, the defendant was entitled to recover that excess, was warranted by defendant's answer alleging that a certain sum was paid over and above the rent due, which defendant was permitted to amend, after verdict, to conform to the evidence, by alleging that such payment was made through a mistake.

*Appeal from Wapello District Court.—*HON. T. M. FEE, Judge.

FRIDAY, OCTOBER 12, 1900.

PLAINTIFF commenced this action before a justice of the peace, from whom it was appealed to the district court; plaintiff stating his causes of action substantially as follows: That defendant occupied a certain storeroom owned by plaintiff; that plaintiff furnished steam heat for said storeroom under an oral agreement whereby defendant was to pay the reasonable worth thereof, which plaintiff alleges is $20.50; that defendant's tenancy termin-

ated on the first day of January, 1897; that plaintiff caused
notice to quit at the end of the tenancy to be
served on the defendant on the twenty-eighth day
of November, 1896; that defendant refused to va-
cate the premises, and on the second day of January, 1897,
plaintiff caused another notice to quit to be served on him;
that the defendant still failed to vacate said premises, and
continued to occupy the same until the sixteenth day of Jan-
uary, 1897, wherefore plaintiff claims that he is entitled to
recover double rent from the first to the sixteenth day of Jan-
uary, 1897, to-wit, $69.34. Plaintiff asked judgment for
$89.84. The defendant answered in substance as follows:
He denies that he had any agreement with plaintiff to fur-
nish steam as alleged. Denies that plaintiff furnished steam
as alleged, or that it was worth the amount claimed. He ad-
mits that he had a lease with the plaintiff for the premises
described, for the term of three years, but denies that said
lease terminated on the first day of January, 1897, and al-
leges that it ran until about March 1, 1897. He denies that
plaintiff is entitled to charge double rent, as claimed. The
defendant, by way of counterclaim, asked to recover $5 for
the use of a portion of the cellar on the leased premises dur-
ing February, 1896; also, to recover $3 for the use of a cer-
tain room on said premises by the plaintiff; also, to recover
$30.61 for piping and plumbing materials belonging to de-
fendant appropriated by the plaintiff to his own use. He fur-
ther alleges that in January and February, 1894, he paid the
plaintiff $100 over and above the rent for said months, for
which the plaintiff has neglected and failed to give him
credit. After verdict, and before judgment, defendant, by
leave of court, court filed an amendment "for the purpose
of making the pleadings conform to the evidence," alleging
that "through an oversight and by mistake, and in his ab-
sence, his clerk overpaid the plaintiff on rent account for the
month of January, 1894, the sum of $50." The defendant
asks that after allowing plaintiff $25 rent for the first

15 days of January, 1897, defendant recover the balance due him, of $113.61, with costs. The defendant sets out as an exhibit to his answer a written lease between the parties for the premises mentioned. The plaintiff, in answer to the counterclaim, states in substance as follows: He admits the execution of the written agreement set out, and alleges that, for reasons stated, some time after the execution of said agreement the same was abandoned by mutual oral agreement, whereby it was agreed that certain improvements should be made upon the leased premises, and that defendant would have the right to occupy the leased premises "for the term of three years from the time he moved into it, at the rental of $50 per month for the storeroom known as 101, $40 per month for the storeroom known as 103, both South Market street, and $14.58 per month for the south half of the second story of said building, and also a reasonable sum for the heating of said portion of said building by steam." He says that defendant moved out of the building while it was being constructed, and that he retook possession in December, 1893, and that it was orally agreed and understood that the three-years term commenced on the first day of January, 1894. Plaintiff therefore denies that said written agreement is in force, or has been since July, 1893. Plaintiff denies that he occupied or controlled any part of the cellar during February, 1896, or of the room upstairs, as alleged. He denies that defendant in January and February, 1894, paid him $100, or any other sum, above the rent for said months, and denies that he appropriated or applied to his own use plumbing materials and piping belonging to the defendant. Verdict was returned in favor of the defendant for $4.79, together with answers to 18 special findings. Plaintiff moved to set aside special findings Nos. 10 and 11, as having no support in the evidence, and for judgment in his favor for $30 on the other special findings. Plaintiff also moved, subject to said first motion, for a new trial,

which motions being overruled, judgment was rendered on the verdict.  Plaintiff appeals.—*Affirmed.*

*Steck & Smith* for appellant.

*W. W. Epps* and *Jaques & Jaques* for appellee.

GIVEN, J.—I. The jury found in favor of the plaintiff on account of steam heating $15, and on account of rent $25, and in favor of the defendant for use of small room $1, use of cellar $4, for piping and plumbing materials $5, and as overpaid rent for January, 1894, $34.79.  The questions to be considered relate to plaintiff's claim for double rent from January 1 to 16, 1897, and defendant's claim for rent overpaid.  The first depends upon when the lease under which the defendant occupied the premises expired. On and prior to March 14, 1893, the defendant occupied plaintiff's premises as a tenant, and on that day they entered into an agreement in writing whereby plaintiff agreed to make certain specified improvements on the building; the defendant to continue to occupy the premises upon the same terms as in the past until the commencement of the work, and thereafter during the continuance of the work to pay $35 per month rent.  The writing then provides as follows: "Said party of the first part does hereby lease to said party of the second part the above described premises for the time above mentioned, and for a term of three years, commencing as soon as said building shall be completed as above stipulated."  Defendant claims that his occupancy was under this lease; that the building was not completed until after January 16, 1894; that his lease did not expire until three years after that date; and that therefore the plaintiff is not entitled to double rent, notwithstanding his service of notice to quit.  It appears that more extensive improvements were made than those specified in the writing, and such as to necessitate the defendant's removal from the premises during the progress of the work.  Terms

for his removal were agreed upon, which are not involved in this controversy. The defendant vacated in July, and reoccupied in December, 1893. Plaintiff's claim, in his reply, is that because of these facts said written agreement was abandoned, and that it was orally agreed that the defendant "would have the right to occupy the said parts of said building for the term of three years from the time he moved into it." Plaintiff further states in his reply that "according to the mutual oral agreement and understanding between plaintiff and defendant the said three-years term commenced on the first day of January, 1894," and that therefore he held over after notice beyond the term of the lease to January 16th, and is liable for doublt rent for that period.

II. Appellant contends that the eighth instruction was misleading, in that it told the jury that if the rooms were completed on defendant's return thereto in December, 1893, the three-years lease provided for in the written agreement would begin to run from the date of his return, and terminate three years thereafter. The complaint is that there was no claim or evidence that the rooms were finished when defendant took possession in December, and that the rent for December was settled for as for unfinished rooms. The court had submitted the question as to whether the written agreement was superseded by an oral agreement, and as to what should follow the finding either way on this issue. The eighth instruction is in harmony with the written agreement, and, taken in connection with the seventh, could not have misled the jury. In the sixth instruction the court said that "the plaintiff claims and contends that the defendant occupied the two storerooms below and the side or half of the room in the second story of the building, without any agreement or lease to occupy said rooms for any definite or specified time or term." It is said that plaintiff made no such claim; that in his petition he claimed that the tenancy expired on the first day of January, 1897. The instruction is in harmony with plaintiff's

first claim in his reply, namely, that the oral agreement was "for the term of three years from the time he moved in." The "time or term," according to this claim, was not definite, as no date was fixed for its commencement or termination. True, later, in his reply, appellant says that it was orally agreed that the three-years term commenced on the first day of January, 1894. The instructions, including No. 1 asked by the defendant and given, were called for by reason of the claims of the appellant in his reply. The contention on appellant's claim for double rent also turned upon whether the term of three years commenced when defendant returned to the building, or when the work was completed, or on the first day of January, 1894. The instructions on this branch of the case were quite as favorable to appellant as he had a right to ask, and we discover no errors therein, prejudicial to him.

III. The jury allowed the defendant $37.48 on his counterclaim for overpayment of rent for the month of January, 1894. The court instructed that if appellee's clerk, by reason of a mistake as to the facts, paid plaintiff $108.58 rent for January, 1894, and that this was a greater sum than was then due, the defendant was entitled to recover the excess. Appellant insists that there was nothing in the pleadings or evidence to warrant this instruction. It is undisputed that, under proper pleadings and proofs, money paid by mistake may be recovered back. The amount of rent for January, 1894, depended upon when the three-years term commenced. If it commenced when appellee retook possession in December, or on the first day of January, 1894, then defendant was liable for full rent for that month. If it did not commence until the improvements were completed, and they were not completed before January 16th, appellee was not liable for full rent until after that date. The jury found defendant's possession was under the written agreement; that the improvements were not completed prior to January 16, 1894; and that therefore by

the writing the term of three years did not commence until January 16, 1894. Appellee's clerk may well have been mistaken as to the time when the three-years term commenced, and to have erroneously paid rent for January, 1894, as if the term had commenced at that date. We think there was evidence to warrant the instruction as to mistake. It is true that appellee, in his counterclaim, did not in terms allege mistake, but simply that he paid $100 over and above the rent due, according to the contract, and that the plantiff neglected to give him credit therefor. After verdict defendant was permitted to amend to conform to the evidence by alleging that said payment was made by his clerk through mistake. This case was commenced in justice's court, and it may be for this reason that the pleadings were not as complete as they should have been; but, be that as it may, there was no abuse of discretion in allowing the amendment, in view of the evidence tending to show mistake in the payment of that money. What we have said disposes of all the material questions presented, and leads to the conclusion that no error prejudicial to the appellant appears in the record.— AFFIRMED.

GRANGER, C. J., not sitting.