A. E. YAUS, Appellee, v. SHAWMUTT EGG COMPANY, Appellant.

TRIAL: Instructions—General Statement of Issue. The submission by
1    the court to the jury of the *controlling* issue in the case is all-sufficient, even though the court did not literally and technically follow the pleadings.

PLEADING: Amendment—Conforming Pleadings to Proof. Amend-
2    ments after verdict are proper when they present no new issue, and take no one by surprise, but simply conform the pleadings to the proofs.

TRIAL: Direction of Verdict—Motion For—Waiver. Error in refusing
3    a directed verdict at the close of part of the testimony is waived by the failure to renew the motion at the close of all the testimony. (See Book of Anno., Vol. 1, Sec. 11508, Anno. 157 *et seq.*)

Headnote 1:  38 Cyc. p. 1615.  Headnote 2:  31 Cyc. pp. 371, 401, 402. Headnote 3:  38 Cyc. pp. 1590, 1591.

Headnote 2:  L. R. A. 1916D,  842; 21 R. C. L. 577.

*Appeal from Des Moines Municipal Court.*—HERMAN F. ZEUCH, Judge.

APRIL 5, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Action at law, to recover upon an oral contract to pay for services. There was a verdict for plaintiff, and defendant appeals from the judgment thereon.—*Affirmed.*

*Howard L. Bump* and *Lappen & Carlson,* for appellant.

*F. L. Groesbeck,* for appellee.

VERMILION, J.—The original petition alleged that plaintiff entered into an oral contract with the defendant, by the terms of which he was to enter the employ of the defendant and receive in addition to his salary, which was to be paid him weekly, the sum of $10 per week at the end of each year, or at the time he should quit defendant's employ. He claimed a balance due under such contract for each of the years 1923, 1924, and 1925.

In compliance with an order sustaining a motion for a more specific statement, a substituted petition was filed, in which his claim for each year was stated in a separate count, and in which it was alleged that, by the terms of the oral contract under which he entered defendant's employ, he was to receive a salary of $50 per week, $10 per week to be paid at the end of each year, or whenever plaintiff should leave the employ of defendant.

The answer admitted plaintiff's employment for each of the years in question; averred that his salary was not as alleged in the petition, and that it had been fully paid each week; and denied all other allegations of the petition.

The cause was tried to a jury, with a verdict for the plaintiff. After the verdict, and pending a motion for a new trial, the plaintiff was permitted to amend his petition to conform to the evidence, and alleged that, in respect to each of the years involved, by the terms of his contract of employment he was to receive a weekly salary, with the further agreement that, in addition to said weekly salary, he was to receive "as compensa-

tion for services rendered during said year an additional sum of $10 per week, or $520, which sum was payable at the close of the year.'' Certain payments thereon for each of the years were admitted. The balances claimed for the first two years were the same amounts as claimed in the original and substituted petitions, and that claimed for the year 1925 was the sum which, under the court's instructions, was the maximum he could recover for that year.

The errors assigned relate (1) to the refusal of the court to direct a verdict for the defendant at the close of plaintiff's evidence; (2) to alleged error in the instructions; (3) to the sufficiency of the evidence to sustain the verdict; and (4) to the refusal of the court to strike the amendment to the petition filed after the verdict.

It will be more convenient to consider the questions presented in a different order.

I. The court, in stating the issues to the jury, said, in substance, that the plaintiff, in each count of the petition, claimed that he was employed at a certain stipulated weekly

1. TRIAL: instruc-
tions: general
statement of
issue.

salary, with the further agreement that, in addition to such weekly salary, he was to receive as compensation for services rendered an additional sum of $10 per week, to be paid at the end of the year. The court instructed that, before the plaintiff could recover on the claim made in Count 1 of the petition, he must establish, by a preponderance of the evidence:

''That the plaintiff and defendant company entered into an oral contract, by the terms of which the defendant company agreed to pay plaintiff for his services during the year 1923, in addition to plaintiff's regular weekly salary, the sum of $10 per week for each week during the year.''

The same instruction was given in respect to each count of the petition and each year for which claim was made.

One complaint made is that the court submitted to the jury the claim set up in the original petition, and not that made in the substituted petition. The issue in the case—the ultimate question to be determined—was not the amount to be paid to appellee each week, but whether, by his contract of employment, he was to be paid, at the end of each year, $10 per week, in addition to the amount paid him weekly. This is true whether

the whole amount to be paid him, including the amount per week to be paid at the end of the year, be designated as a weekly salary, as in the substituted petition, or the amount per week to be paid him at the end of the year be called an addition to the regular weekly salary, as in the instructions. It appeared that the amount paid to appellee weekly varied during his employment. But if he established that, by his contract of employment, he was to receive, at the end of the year, $10 in addition to the amount paid him each week, he could not be denied a recovery because it appeared that the total amount so agreed to be paid was at times less than $50 per week, as alleged in the substituted petition. The court's instructions stated and submitted to the jury the controlling issue in the case. There was no error in this respect.

A further complaint of the instructions is that they permitted appellee to recover a bonus, or sum agreed to be paid in addition to that for which he agreed to render his services, and for which there was no consideration. It may be conceded, for the purpose of the case, that a promise made subsequent to his contract of employment, for a sum in addition to that for which he had agreed to perform the services, and for which he performed no additional service, would be without consideration. But that is not the case pleaded by the appellee, nor the case submitted to the jury. There was no evidence of such a subsequent promise. The appellee pleaded that the contract on which he claimed was a part of his contract of employment. The court so stated his claim to the jury, and instructed that such fact must be found, to warrant a verdict for the plaintiff. Clearly, a promise, if a part of his contract of employment, to pay him, at the end of the year, $10 per week in addition to the amount paid him each week, would be supported by the same consideration as the promise to pay him a sum each week. Neither the facts pleaded by appellee nor the proposition submitted to the jury involved a bonus, but only the question of what, under his contract of employment, the agreed compensation was to be, and when it was to be paid. In the absence of any request for a more definite statement, we think the instructions given were sufficient on this point.

II. It is apparent from what has been said that there was no abuse of discretion in refusing to strike the amendment to

the petition filed after the verdict.  No new issue was presented,

2. PLEADING: amendment: conforming pleadings to proof.

and the appellant was not taken by surprise. Appellant's manager, with whom appellee claimed his contract was made, testified that he never told appellee he would be paid $10 over and above the salary he would draw each week, and that everything he agreed to pay was paid every week in full.  The amendment conformed the pleadings to the proof offered by appellee upon the issue which was in fact tried and submitted to the jury.  *Hoffman v. Cockrell*, 112 Iowa 141.

III.  Any error in overruling the motion for a directed verdict at the close of the plaintiff's evidence was waived by the failure to renew the motion at the close of all the evidence.

3. TRIAL: direction of verdict: motion for: waiver.

*Hanson v. Kline*, 136 Iowa 101; *Linnemann v. Kirchner*, 189 Iowa 336.  However, the sufficiency of the evidence to sustain the verdict is challenged.  No purpose would be served by setting out the evidence in detail.  There was a sharp conflict in the testimony upon the pivotal question in the case.  The plaintiff's testimony supported his claim that, under the contract of employment, he was to be paid, at the end of each year, $10 per week, in addition to the amount paid him each week.  His testimony was, to some extent, corroborated.  One witness testified that appellant's manager said to appellee, in the course of a quarrel, following which appellee quit the employment:

"I am going to cut your wages $15 a week, and you won't get no back pay either."

Another witness testified that the manager said he was "holding pay back" from appellee, and talked about selling out to him; that he said he could arrange it so that appellee could buy the business, if he would, with "some back money he had back, holding for Mr. Yaus;" that he could arrange the balance of it.  This was denied by the manager.

Upon the record, it was clearly a question for the jury what the terms of the employment were, and we cannot say that the verdict is without support in the evidence.

The judgment is—*Affirmed.*

EVANS, C. J., and STEVENS and FAVILLE, JJ., concur.