ALEX LINN, Appellee, v. FRED C. KENDALL, Appellant.

No. 40803.

OCTOBER 20, 1931.

Sampson & Dillon, for appellant.

Brammer, Brody, Charlton & Parker, and Harlan J. Thoma, for appellee.

FAVILLE, C. J.—The appellee is an architect. The appellant is a property owner. One Wick is a contractor and builder who had done some building for the appellant.

. Some time in the spring of 1929 Wick had an interview with the appellee about the preparation of plans for an apartment house. There is evidence in the record from which the jury could find that in the interview between the appellee and Wick the latter employed the appellee to make said plans, and informed the appellee that it was the appellant who wished the appellee to make them. . The appellant contends that Wick was not his agent and had no authority to employ the appellee to make the plans in question. The court withdrew from the consideration of the jury the question of an actual agency on the part of Wick to employ the appellee. The court, however, submitted to the jury the question of a ratification by the appellant of the act of Wick in employing the appellee to make said plans.

We can only consider in this appeal the errors that are relied upon for reversal to determine whether or not the court committed error in some one or more of the particulars therein specified and relied upon. The appellant specifies eight of such errors relied upon for reversal. Four, at least, of these specifically pertain to certain instructions that were given by the court. The record discloses that upon the rendition of the verdict judgment was duly entered in behalf of the appellee and twenty days' time was given by the court in which the appellant might file exceptions and a motion for a new trial. Within the stated time exceptions to the instructions given by the court and a separate motion for a new trial were filed. However, it nowhere appears in the abstract that either the exceptions to the instructions or the motion for a new trial were called to the attention of the court and any ruling had thereon. The judgment had already been entered before these were filed. The appellee calls our attention to the fact that the exceptions to the instructions were not included in the motion for a new trial and that the record fails to disclose any proper ground for appeal on account of alleged exceptions to the instructions or because of the overruling of the motion for a new trial. In this state of the record we must sustain this contention of the appellee. There is nothing whatever before us to show that the exceptions to the

instructions were called to the attention of the lower court in any manner. The exceptions were not embodied in the motion for a new trial as could have been done under the statute. The record also fails to show that the motion for a new trial was ever called to the attention of the trial court or any ruling had thereon. In this state of the record we cannot consider either the exceptions to the instructions or the motion for a new trial. Gibson v. Adams Express Co., 187 Iowa 1259.

II. The appellant predicates error upon the overruling of appellee's motion for a directed verdict at the close of the appellee's testimony. After said motion was overruled the appellant offered his testimony and the appellant failed to renew his motion for a directed verdict at the close of all of the testimony. In such a situation appellant cannot complain on appeal of the failure of the court to sustain his motion for a directed verdict. Yaus v. Shawmutt Egg Co., 204 Iowa 426; Anthony v. O'Brien, 188 Iowa 802.

III. Appellant's main contention is that the man Wick was not the agent of the appellant in procuring the services of the appellee and that the appellant cannot be bound by ratification of the acts of one who was not his agent. In this contention the appellant overlooks an important item of the evidence, which is to the effect that at the time of the employment of the appellee by Wick the latter stated to the appellee that the appellant wanted the appellee to make a set of plans. In other words, the jury could find under the evidence that in employing the appellee Wick purported to act as the agent of the appellant, and in such a situation it is the well-established rule that a principal can ratify the acts of his agent who purported to act in his behalf, even though there was at the time no express agency. Miller v. Chatsworth Savings Bank, 203 Iowa 411; Moron v. Tuttle, 211 Iowa 584; Knapp v. Baldwin, 213 Iowa 24.

The jury in the instant case could have found from the evidence that Wick purported to act as agent of the appellant in employing the appellee and that the appellant thereafter ratified said act of Wick.

We find no error presented for our consideration upon which

we should predicate a reversal, and therefore, it must follow that the judgment of the municipal court must be and it is—Affirmed.

STEVENS, DE GRAFF, ALBERT and WAGNER, JJ., concur.