IOWA STATE BANK v. CEREAL REFUND AND BROKERAGE COMPANY, Defendant. W. A. SCRUBY, Appellant.

**Banks and banking:** INADVERTENT PAYMENT OF CHECK: RECOVERY. In an action by a bank to recover the amount inadvertently paid in cashing a check drawn upon it the evidence is held to authorize recovery on the ground that it was paid through mistake.

*Appeal from Polk District Court.*— HON. JAS. A. HOWE, Judge.

FRIDAY, NOVEMBER 16, 1906.

SUIT to recover money alleged to have been paid by mistake. Trial to the court and a judgment for the plaintiff. The defendant W. A. Scruby appeals.— *Affirmed.*

*Dunshee & Dorn,* for appellant.

*Geo. W. Graeser* and *Dale & Harvison,* for appellee.

SHERWIN, J.— The facts necessary to an understanding of this case are substantially as follows: The defendant Scruby was at one time the secretary and general manager of the Cereal Refund and Brokerage Company, a corporation, which did its banking business with the plaintiff. By virtue of an arrangement with Scruby, the bank honored the company's checks, within certain limits, whether it had a balance on hand or not. On or about the 22d of August, 1903, Scruby resigned, but before finally leaving the office

of the company he drew a check on the plaintiff payable to his own order for $200, which was signed: "Cereal Refund and Brokerage Company of Iowa, W. A. Scruby Sec. and Mgr." Within two or three days after the check was drawn, he deposited the same, indorsed in blank, in the Citizens' National Bank. At the time the check was drawn, and until some time after its payment by the plaintiff, the Cereal Refund and Brokerage Company had no funds in the plaintiff bank. On the contrary, its account was overdrawn, which fact was well known to Scruby. The Citizens' National Bank twice presented the check to plaintiff for payment through the clearing house, and both times payment was refused. It was presented the third time and was inadvertently paid; there still being an overdraft against the Cereal Company. The appellant was notified by the Citizens' National Bank of the refusal to pay the check, and before it was paid requested the new manager of the Cereal Refund and Brokerage Company to provide funds therefor, claiming that the company was indebted to him for more than the amount represented by the check. This suit was brought to recover the amount paid on the check.

While conceding the general rule to be that money paid by mistake may be recovered in an action at law, the appellant contends that the payment of negotiable paper forms an exception to the general rule, and that this case falls within such exception. It may also be conceded that, where negotiable paper is paid by mistake while in the hands of a *bona fide* purchaser, the amount so paid cannot be recovered of the party to whom it is paid. *Bank v. Bank,* 107 Iowa, 327. The difficulty with the appellant's claim is that the record abundantly shows that the Citizens' National Bank was not such a holder, and that the suit is not against the bank. Scruby issued the check for the Cereal Refund and Brokerage Company knowing that its account with the plaintiff was overdrawn, and that the bank could at any time refuse to further honor its checks while such condition

existed. In other words, the payment of an overdraft was a matter of grace on the part of the bank and not because of any legal liability. He knew that the account was overdrawn; and, instead of presenting the check in person for payment, he deposited it in another bank several days after he had drawn it and after he had ceased to be the secretary. and manager of the Cereal Company. Not only this, but after the check had been twice refused, and he had been notified thereof, he caused it to be again presented for payment and thereafter received and retained the money paid thereon.

The cases cited and relied upon by the appellant are not in conflict with the views here expressed. They are: *Bank v. Bank*, 74 Fed. 276 (20 C. C. A. 181); *Bank v. Swift*, 70 Md. 515 (17 Atl. 336); *Bank v. Devenish*, 15 Colo. Sup. 229 (25 Pac. 177); *Bank v. Burkham*, 32 Mich. 329; *Bank v. Marshalltown*, 107 Iowa, 327; *Bank v. Berrall*, 70 N. J. Err. & App. 757 (58 Atl. 189).

Many other matters are presented and argued by the appellee, but in view of our holding on the main proposition they need not be further noticed.

The motion to strike parts of the appellant's additional abstract and the motion to strike all of the evidence abstracted by the appellant are both overruled. The judgment is *affirmed*.