FIDELITY SAVINGS BANK, Appellant, v. JOHN H. REEDER, Appellee.

**Overpayment:** RECOVERY: PLEADING: PROOF. The recovery of money overpaid by mistake is not dependent on an admission of the party receiving it, or on his promise of repayment; and even though alleged in the petition need not be proven.

**Same:** INSTRUCTIONS. In an action simply for the recovery of money paid by mistake, in which there was no evidence of fraud, it was error to charge that if plaintiff knowingly and voluntarily paid the money, or if he paid it in satisfaction of an unjust demand or in settlement of a dispute he could not recover, as no such issue was involved.

*Appeal from Marshall District Court.*—HON. J. M. PARKER, Judge.

THURSDAY, MAY 6, 1909.

ACTION to recover a sum of money alleged to have been paid to the defendant by mistake. Judgment for the defendant, and plaintiff appeals.—*Reversed.*

*Binford & Farber,* for appellant.

*Burnham & Egermayer,* for appellee.

WEAVER, J.—The defendant was a depositor in the plaintiff bank, and on May 31, 1907, presented his book at the counter, desiring to withdraw the amount to his credit. It is shown without controversy that the amount due him on that date, principal and interest, was $1,285.22, and

no more, and this sum defendant admits he received. Plaintiff claims, however, that by mutual mistake of the parties the amount due the defendant was computed as being $1,-385.22, and that, acting upon such mistaken belief, its cashier paid to defendant the latter sum, making an overpayment of $100, which upon demand the defendant refused to refund. The defendant denies the alleged mistake and overpayment. As will readily be seen, the dispute between the parties is one of fact only; and, as there was a direct conflict of evidence as to the truth of the matter, we shall not enter into any consideration of the credibility of the witnesses or the weight of the testimony. These were matters for the jury alone; and, if there were no prejudicial error in the instructions given by the trial court, the verdict would necessarily have to be sustained. Several instructions are excepted to by the appellant, and to some of these we now give attention.

I. Plaintiff in its petition not only alleged the overpayment by mistake, but further alleged that, after discovering the error, it called defendant's attention thereto, and

1. OVERPAYMENT: recovery: pleading: proof.

that defendant admitted the mistake, and promised to call at the bank and rectify it, but failed to do so. In its charge upon the law of the case the trial court told the jury that the material allegations of the petition were: (1) That plaintiff overpaid the amount due the defendant; (2) that the overpayment was by mutual mistake of the parties; and (3) that after the discovery of the mistake the defendant admitted it and promised to correct it, and that, in order for plaintiff to recover, these propositions must have been sustained by the evidence. In other instructions proof of the alleged admission and promise to repay was made an essential to plaintiff's recovery. This charge is excepted to as casting upon plaintiff an unduly heavy burden. We think the contention is well founded. Even though the plaintiff had wholly failed to prove the alleged admission

and promise of repayment, it was still entitled to recover if the jury should find that by mistake of the parties an overpayment to the defendant had in fact been made. The right to recover money paid by mistake is too well established to require argument, and such right is in no manner dependent upon an express admission by the party receiving it, or on his agreement to refund. *Boyer v. Pack,* 2 Denio (N. Y.) 107; *R. R. Co. v. Faunce,* 6 Gill (M. D.) 68 (46 Am. Dec. 655); *Worley v. Moore,* 97 Ind. 15; *Clark v. Sylvester* (Me.) 13 Atl. 404; *Johnson v. Saum,* 123 Iowa, 145; *Holmes v. Lucas Co.,* 53 Iowa, 211; *Hoffman v. Cockrell,* 112 Iowa, 141; *Bank v. Brokerage Co.,* 132 Iowa, 248. The allegation of such admission and promise in plaintiff's petition was unnecessary to a statement of a cause of action, and he was not required to sustain it by evidence. Code, section 3639. Whether so intended or not, we think the jury must have understood the instruction to require proof of such allegation as essential to plaintiff's right of recovery, and the error was therefore of a prejudicial character.

II. The court also gave the jury the following instructions, to each of which the plaintiff takes exception:

(10) When one pays money on an alleged claim against him, he is forever precluded from saying he did not owe it, if he paid it under no mistake of fact, and if the party receiving it made use of no illegal means to coerce the payment. In such case, if a party would resist such unjust demand, he must do so at the threshold. The parties treat with each other on equal terms; and, if litigation is intended by the party of whom the money is demanded, it should precede the payment. A party can not voluntarily pay money in satisfaction or discharge of a demand unjustly made on him, and afterwards recover back the money, even though he should at the time protest that he was not bound to pay the same.

(12) You are instructed that, if you find from the preponderance of the evidence that on or about the 31st

of May, 1907, the defendant called at the plaintiff's bank to withdraw certain deposits he had there, and without using any fraud, artifice, or deceit to induce the bank to pay him more than was his due, and the bank, with full knowledge of all the facts and circumstances affecting said deposits and their payment, and without mistake, voluntarily paid the defendant $100 more than was due him, then the plaintiff bank is estopped from now demanding a return of said $100, and your verdict should be for the defendant.

As abstract propositions of law the correctness of the rules here given may be conceded for the purposes of this appeal; but as we read the record they have no proper application to the controversy upon which the jury was called to pass. Neither in pleading nor in testimony is there any allegation or claim that the overpayment, if any, was knowingly and voluntarily made, or that it was made in satisfaction of an unjust demand or settlement of any dispute between the parties as to their respective rights. Nor is there any charge or testimony tending to show fraud, artifice or deceit by either in the matter of said payment. The defendant stands upon his simple denial of the alleged receipt by him of anything in excess of the sum of $1,285.22 which is all he claims was then due him from the plaintiff. He does not deny, indeed he tacitly admits, that if he did receive $100 in excess of that sum, it was an overpayment and a mistake. Nor is there a word of evidence upon which the jury could find that plaintiff knowingly or intentionally paid the defendant anything in excess of the amount then standing to his credit in the bank, concerning the amount of which credit there has never been any dispute. The sole issue of fact upon which there was any room for reasonable minds to differ was upon the question whether plaintiff did or did not pay the defendant $1,385.22 instead of the true balance of $1,285.22. If that fact had been shown by a preponderance of the evidence, plaintiff was entitled to a verdict, but

*2. SAME: instructions.*

if not so shown, the finding should have been for the defendant. That simple issue should have been submitted to the jury unobscured by recitation of abstract principles of law having no direct bearing upon the controversy to be decided.

The plaintiff submitted certain requests for instructions seeking to confine the jury to the consideration of the single question whether plaintiff did mistakenly pay the defendant $100 in excess of the amount due him, but the instructions were refused. From what we have already said it follows that they should have been given as requested, or the thought which they expressed, or its equivalent, should have been embodied in the charge given by the court.

Other errors are assigned, but we find none which appear prejudicial. For the reasons above stated a new trial must be ordered.

The judgment of the district court is *reversed*.