GEORGE J. SHOENHAIR, Appellee, v. DANIEL MERRILL, Appellant.

**Payment by mistake:** RECOVERY. Where a vendor of land received more than the agreed purchase price, by reason of a failure to deduct from the price a sufficient sum to cover the interest due at the time of settlement upon a mortgage which the purchaser assumed, the purchaser can recover the excess amount thus paid through mistake in an action at law for that purpose; he is not restricted to his remedy upon the deed.

**Conveyances:** CONSIDERATION: PAROL EVIDENCE. The actual consideration for the purchase of property may be inquired into regardless of the recitals in the deed.

*Appeal from Hamilton District Court.*—HON. C. G. LEE, Judge.

SATURDAY, MARCH 14, 1914.

ACTION in equity to recover back money alleged to have been, by mutual mistake, overpaid in a land sale, and to reform the contract. Trial to the court. Judgment for plaintiff for the amount shown, to have been overpaid, with

interest. The court did not reform the contract. Defendant appeals.—*Affirmed.*

*Wesley Martin,* for appellant.

*W. W. White,* and *Kamrar & Prince,* for appellee.

PRESTON, J.—Plaintiff's claim is that he purchased land from the defendant at an agreed price, and made settlement through his agent, who, in deducting a certain sum of money to cover interest due on a mortgage against said land, which the purchaser was to assume, with interest, from the date of final settlement, instead of retaining for the mortgagee the sum of $600 interest then due, retained the sum of $211.67, and, upon refusal of the defendant to return the amount overpaid, brought this action to recover the overpayment. The court found the difference between these two amounts, to wit, $388.33, less $4 for bringing the abstract down to date, to be due, and rendered judgment for this amount, with interest.

The trial court seems to have been of the opinion that, under the holdings of this court, a reformation was not necessary. Defendant did not interpose any objection to the form of the action. Defendant does not seriously contend that there was not a mistake and an overpayment. The evidence is amply sufficient to so show. Defendant sought to avoid liability on other grounds. His answer is a denial of all allegations not admitted, admits that he was the owner of the land, admits the making of the contract, and alleges: "And by way of other and further defense alleges and states that the contract set out in plaintiff's petition was fully performed by the parties thereto, and fully executed by them on or about the 1st day of March, 1909. That the defendant complied fully with the terms and conditions of said contract, made a deed to the land described in plaintiff's petition pur-

1. PAYMENT BY MISTAKE: recovery.

suant to said contract, and the defendant alleges that thereby the said contract became merged in the said deed, and that no reformation of said contract can now be had.'' This seems. to be the defense really relied upon. The argument is that plaintiff's remedy, if any, he has, is by an action on the deed. This point has been decided against appellant's contention in *Ragsdale v. Turner,* 141 Iowa, 604. That case is quite similar in its facts to the case at bar. That money paid by mistake may be recovered in an action for that purpose, see *Fidelity Bank v. Reeder,* 142 Iowa, 373; *Iowa State Bank v. Cereal Co.,* 132 Iowa, 248.

The foregoing disposes of the principal contention.

The question as to whether the true consideration in the deed and contract may be shown is ruled by the holding in *Bank of Stratford v. Young,* 159 Iowa, 375.

2. CONVEYANCES: consideration: parol evidence.

In addition to this, defendant testified as a witness, and his testimony does not differ materially from plaintiff's evidence, as to what the consideration was.

The court did not permit a recovery by plaintiff on other grounds than those set out in the petition.

It is suggested in argument, but not assigned as error, that plaintiff does not come into court with clean hands. That question seems to have been raised for the first time in this court.

There was no error, and the judgment is—*Affirmed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur,