BANKERS TRUST COMPANY, Appellant, v. UNITED STATES REGIS-
TER COMPANY, Appellee.

**PAYMENT:** **Recovery of Payments—Inadvertently Paid Check.** A
drawee of a check may recover of the payee the amount inadvert-
ently paid on the check at a time when the payee knew that the
drawer had no funds on deposit with the drawee—knew that the
drawer had gone into the hands of a receiver and that his deposit
had been transferred to the receiver.

Headnote 1: 7 C. J. p. 682.

*Appeal from Des Moines Municipal Court.*—H. H. SAWYER,
Judge.

NOVEMBER 24, 1925.

ACTION to recover money alleged to have been paid by mis-
take. Trial to the court without a jury. Judgment in favor of
defendant, and plaintiff appeals.—*Reversed.*

*Sargent, Gamble & Read,* for appellant.

No appearance for appellee.

STEVENS, J.—Sometime prior to August 16, 1923, the Success Heater & Manufacturing Company went into the hands of a receiver.  On August 13th, this concern drew a check for $8.32, and on August 14th, another check for $282.93, both payable to appellee.  One Anderson, who is in charge of the branch office of appellee in the city of Des Moines, received the checks, and promptly forwarded them to appellee at its home office in Battle Creek, Michigan.  Both checks were deposited in a bank at Battle Creek, and forwarded in due course for payment, and paid by appellant through the local clearing house, as it claims, by inadvertence or mistake.  Anderson knew, before the check was presented for payment, that the affairs of the drawer had been placed in the hands of a receiver and its account in the appellant bank transferred to such receiver.  He was also informed, on August 16th or 17th, that the checks would not be paid.  Anderson did not at this time, however, have possession of the checks, but notice to him that the bank had no funds of the drawer and that the checks would not be paid was imputed to appellee.  The checks, when paid by the bank, were charged to the account of the receiver; but when he became advised thereof, he objected. They were then charged back, and carried by the bank as cash items.  Immediate demand was made of appellee for the return of the money.

The case is very similar to, although the facts are not perhaps quite so strong in appellant's favor as they were to the plaintiff in, *Iowa St. Bank v. Cereal Refund & Brokerage Co.,* 132 Iowa 248, in which the right to recover money paid by inadvertence or mistake to one who knew that the drawer had no funds in the bank, and payment had been twice previously refused, was sustained.  The facts of the case before us bring it within the rule above announced.  The right to recover money paid by mistake has been frequently passed upon and sustained by this court.  *Fidelity Sav. Bank v. Reeder,* 142 Iowa 373; *Shoenhair v. Merrill,* 165 Iowa 384.—*Judgment reversed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.