W. D. CASEY, Appellant, v. JESUP CREAMERY COMPANY, a Corporation, et al., Appellees.

No. 44133.

MARCH 8, 1938.

Roy A. Cook, for appellant.

O'Brien, Molloy & Kremer and Miller, Miller & Miller, for appellees.

SAGER, J.—The record raises a number of questions, among them the sufficiency of appellant's argument to comply with Rule 30 of this court. This, in view of what is hereafter said, will not be considered.

It appears from the record that Sogard, an employee of the appellee creamery company, sustained injuries while in the course of his employment which resulted in very serious and long-continued disablement. Appellees urge, among other things, that this was due in part to appellant's incompetence, but it is unnecessary to enter into that question. Appellant

treated Sogard for a considerable period and rendered services which he claims to have been of the reasonable value of $1093.35. Various letters passed between appellant and the appellee insurance carrier, with reference to Sogard's condition. These finally resulted in the payment by the carrier to the appellant of the sum of $287, which, with $13 paid another physician, covered the full allowance for medical services as then permitted by the workmen's compensation law. The letter transmitting from appellee Employers Mutual Casualty Company to appellant concluded with the words:

"We here enclose herewith a draft for $287.00 drawn to your order which is the balance of the statutory medical allowance."

Appellant accepted and cashed such check, and his relation to and interest in the case appears to have been at an end until about a year later.

A contract between the injured workman, the creamery company, and the insurance carrier was approved by the industrial commissioner on the 11th day of October 1934. The parties thereto undertook and agreed as follows:

"Whereas, it is the desire of the above named parties to effect a compromise settlement in order to avoid litigation,

"Now, Therefore, Jesup Creamery Co. and Employers Mutual Casualty Company, its insurer, agree to adjust and compromise the claim on the basis of a 45% loss of the use of the said right arm, said offer being compensation for 101.25 weeks at $15.00 per week, or a total of $1518.70, plus all medical expense incurred, with the consent of the Employers Mutual Casualty Company, to the date of the settlement, and Leonard Sogard agrees to accept compensation for 101.25 weeks at $15.00 per week in the total sum of $1518.70 in full and final settlement of his claim against the Jesup Creamery Company."

. It is upon this contract that appellant bases his cause of action, on the theory that this was a contract made for his benefit. The trial court declined to accept this view and, finding no other basis for appellant's claim, sustained a motion for a directed verdict in behalf of the appellees. In so holding we think the trial court was right.

Appellees predicate their position very largely upon the

contention that since section 1387 of the Code of 1931 fixed the maximum of medical services at $300, there could be no recovery beyond that amount. They cite, among other authorities, Comingore v. Shenandoah Artificial Ice Co., 208 Iowa 430, 226 N. W. 124; Kramer v. Tone Bros., 198 Iowa 1140, 199 N. W. 985; Spurgeon v. Iowa & Missouri Granite Works, 196 Iowa 1268, 194 N. W. 286. In the view we take of it it is not necessary to consider the rather intricate and interesting legal question thus proposed. We are satisfied to base our conclusion upon the one proposition: Is the contract in question one made for the benefit of the appellant in such sense that he is authorized to sue thereon? Waiving the fact that appellant accepted the check which the insurance carrier clearly indicated was in full of his services, and thereafter the further fact that he seems to have abandoned all connection with and interest in the subject-matter of this suit, we are of the belief, and so hold, that the contract before us can in no sense be held to have been made for the benefit of appellant. We are well aware that contracts made between two parties for the benefit of a third are enforceable by the latter under certain conditions. Among these conditions is one which appellant has failed to meet in the cause before us, to wit, that the contract was made for his express benefit. That he might incidentally benefit by the contract between Sogard and his employer and the insurance carrier is not determinative of the question at all. As we read the contract it was made solely for the benefit of Sogard and no one else, except in so far as it adjusted the obligations existing between the creamery company and the insurance company.

This question was considered in German State Bank v. Northwestern Water & Light Co., 104 Iowa 717, 74 N. W. 685.

The general rule applicable in cases of this kind is thus stated in 13 Corpus Juris, Title "Contracts", sec. 817, p. 709:

"In many of the cases the doctrine is stated broadly that a person may maintain an action on a promise made for his benefit, although not a party to the contract; but this statement of the doctrine is too broad. By the weight of authority the action cannot be maintained merely because the third person will be incidentally benefited by performance of the contract; he must be a party to the consideration, or the contract must have been entered into for his benefit, and he must have some legal or equitable interest in its performance; * * *."

And, under the same title, the rule is declared in 6 R. C. L., sec. 274, p. 886, to be:

"Under the rule that a beneficiary may enforce a contract, the contract must have been intended for the benefit of a third person. It is not sufficient that the performance of the covenant may benefit a third person. It must have been entered into for his benefit, or at least such benefit must be the direct result of performance and so within the contemplation of the parties. The fact that one not a party or privy to a contract is incidentally benefited under it is no reason for declaring that the contract was made and intended for his benefit."

See, also, 71 Corpus Juris, Title, "Workmen's Compensation Acts", sec. 498, p. 782.

A re-reading of the provisions of the contract hereinbefore set out will indicate that the intention to compensate appellant was not remotely within the contemplation of the parties to the contract. As already pointed out, it was clearly designed to dispose of appellant as a claimant against either the employer or the insurance company. No permissible construction would make it include the account upon which appellant sues.

It follows that, being satisfied with the ruling of the trial court, its judgment is affirmed.—Affirmed.

DONEGAN, ANDERSON, KINTZINGER, RICHARDS, and MILLER, JJ., concur.