FANNIE REEVES, appellee, v. BETTER TASTE POPCORN COMPANY, a corporation, cross-appellant, and FRED BARRETT, appellant.

No. 48545.

(Reported in 66 N.W.2d 853)

NOVEMBER 16, 1954.

REHEARING DENIED JANUARY 14, 1955.

Edwin A. Getscher, of Hamburg, for appellant, Fred Barrett.

Ross, Johnson, Northrop, Stuart & Tinley, of Council Bluffs, for cross-appellant, Better Taste Popcorn Company.

Nichols & Nichols, of Sidney, for appellee.

WENNERSTRUM, J.—Plaintiff sought recovery of an amount asserted to be due her from Better Taste Popcorn Company and Fred Barrett. She claimed to be the owner of one half of the popcorn raised by Barrett, a tenant on her land. In a separate division of her amended and substituted petition, she asked that a certain contract entered into between Barrett and the company and which was approved by her agent be reformed to conform to the intended agreement of the parties. It is pleaded the true agreement was that Barrett was to grow seventy acres of popcorn for the company, that he was to deliver it to the company's cribs and the company was to pay plaintiff and Barrett for the popcorn under the terms of the rental agreement. It is further alleged the true agreement was evidenced by the fact the company issued its receipt to the defendant Barrett and the plaintiff for the popcorn delivered from plaintiff's land. She also sought an accounting of the proceeds of her share of the popcorn and field corn raised on her land. Judgment was sought against Barrett and the Better Taste Popcorn Company. The trial court entered judgment against the company for the plaintiff's share of the field corn taken out of her share of the popcorn furnished from her land. It also entered judgment against the company and Fred Barrett jointly for the unpaid amount of plaintiff's share of the proceeds from the popcorn furnished from her land. It was decreed that in the event the company shall pay or satisfy any part of the judgment against the defendant company and Fred Barrett the company shall have and recover judgment against the de-

fendant Fred Barrett for any and all sums so paid and satisfied, including interest and costs. The defendant Fred Barrett has appealed and the company has cross-appealed.

The plaintiff is the owner of a farm in Fremont County on which the defendant Fred Barrett was a tenant during 1948 under an oral lease providing the tenant was to pay as rental one half of all grain grown on the farm. The defendant Better Taste Popcorn Company at that time had an office in Hamburg, Fremont County, Iowa, where it was engaged in the processing of popcorn. On February 24, 1948, Barrett entered into a contract with the company wherein it was agreed that he was to grow for the company seventy acres of popcorn on plaintiff's farm and for which he was to be paid $3.50 per cwt. for all merchantable popcorn delivered. Plaintiff's approval of the agreement was noted at the conclusion of the contract in the following words: "I, the undersigned, owner of the land covered by contract, agree to all the terms and conditions herein contained. Fannie Reeves by J. E. Good (Agent)."

On November 4, 1948, there was delivered by Barrett to the Better Taste Popcorn Company at their cribs north of Hamburg 211,230 pounds of popcorn which according to certain of the evidence contained six per cent field corn. After deducting the portion of field corn the popcorn, delivered amounted to 198,556 pounds. A receipt for the popcorn delivered showed it was received from "Fred Barrett and Reeves." Good, as agent, was advised by a representative of the popcorn company the money proceeds from the corn raised on the Reeves land would be divided equally between the plaintiff and Barrett. It is also shown in previous years the company had paid the plaintiff for the landlord's one-half share of the popcorn raised on her land and delivered to the company.

Barrett had an interest in popcorn grown on two other properties and which was delivered to the company. During February 1949 Barrett and other growers commenced litigation against the company arising out of their contracts. Some of these cases, among which Barrett's was included, were removed to the United States District Court for the Southern District of Iowa. Apparently there was also litigation commenced in the

512

Fremont District Court by interested growers. Edwin A. Getscher, the present attorney for Barrett, represented him and other plaintiffs in the earlier litigation and Harold L. Martin was one of the attorneys for the company. Mrs. Reeves was not one of the plaintiffs in this litigation. Following the determination of the Federal District Court cases there was an effort made to adjust the litigation, and the several counsel for the litigants prepared work sheets on which were listed the amount of corn delivered by the several growers, the percentage of the amount of field corn being deducted, the net amount delivered, the cost of seed and trucking to be deducted, the interest, and total sum due.

Martin, as attorney for the company, had work sheets on which was indicated the number of the check issued to each of the parties. Getscher also had a separate work sheet at the time of the conference. However, when the present case was tried Getscher was not able to produce the work sheet he had at the conference relative to Barrett's contract. He did however produce the work sheet of all the other parties whose cases had been removed to the Federal Court.

As previously stated there were 211,230 pounds of popcorn less a portion of field corn delivered from plaintiff's land. The respective amount to the credit of the plaintiff and Barrett would be 105,615 pounds each. A storage receipt from the company for the plaintiff's share of 105,615 pounds is shown in the record.

It is quite definitely disclosed that an error was made on the work sheet of the company's attorney relative to the amount of corn delivered under the Reeves contract at the time of the settlement agreement. It is shown under the settlement computation Barrett delivered 155,615 pounds instead of 105,615 pounds as his share. This was an error of 50,000 gross pounds or 47,000 net pounds of popcorn. This error in the computation resulted in an overpayment to Barrett of $1645 and an underpayment to the plaintiff of the same amount.

The mistake was discovered the following day when, according to the testimony of Martin, the attorney for the company, he brought the error to the attention of Getscher, Barrett's attorney. Getscher apparently admitted the mistake in com-

putation and stated he would see what he could do about it. He later reported to Martin he had seen Barrett but Barrett would not do anything relative to correcting the mistake. A check had been issued to Barrett for the erroneous amount due him. According to the testimony of one Davis, president of the company, he talked to Barrett relative to the error and Barrett admitted there had been a mistake but stated since Getscher had gotten him into it he was going to let him finish it.

On January 16, 1950, the company issued a check to the plaintiff for the amount of $1829.13 for 55,615 pounds of popcorn less 3337 pounds of field corn. The amount of this check and the check issued to Barrett represented payment for corn grown on the Reeves land and paid for all the corn grown under the Barrett-Reeves lease. Barrett's check had included the amount due for his share of the popcorn raised on the Reeves land as well as from the two other farms.

Plaintiff, as previously noted, sought the reformation of the contract to conform with the alleged agreement and further pleaded that defendant be made to make a full accounting and that she have judgment against them for $1645, for her share of the popcorn, and a $104.07 for the amount due her for her share of the field corn. The company, by answer to the amended and substituted petition, admitted the contract between it and the defendant Barrett but alleged the plaintiff was not a party to it and that by agreeing to the terms and conditions she did not become a party to it. The company admitted it had received the popcorn, that it had paid for all popcorn raised by Barrett on plaintiff's land and delivered by him. It denied plaintiff's right to reformation of the contract. The company, however, alleged that the field corn was not merchantable popcorn under the terms of the contract and the cost of removal exceeded the value of the field corn.

The company filed a cross-petition against Barrett and alleged that by reason of fraudulent representations on his part, and with no knowledge of its own, it paid Barrett for 155,615 pounds and plaintiff for 55,615 pounds. It was further alleged by the company that these payments were the result of a mutual mistake between it and the defendant Barrett. The company prayed for judgment against the defendant Barrett

for any and all amounts that might be found due from it and in favor of the plaintiff on account of the corn delivered under the terms of their contract with Barrett.

Inasmuch as defendant Fred Barrett has appealed from the judgment rendered against him and has filed a separate brief and the Better Taste Popcorn Company has filed a cross-appeal and a separate brief, it seems advisable and necessary that we give separate consideration to the claims of the respective appealing parties.

I. The defendant Barrett, as one of his grounds for reversal, claims the court erred in finding there should be a right of recovery against him. It is Barrett's claim that inasmuch as he did not sue for more than his one half of the corn raised on the Reeves land and in the settlement made with him he was paid for 155,615 pounds rather than 105,615 pounds, this error was not one for which recovery could be made. Barrett's attitude relative to this situation is evidenced by the closing sentence of each division of his brief and argument: "* * * He settled for what he sued for."

It must be remembered that this is an action in equity and in part an accounting is sought. We can see no justification for Barrett's claim that because of an error in settlement of the previous litigation he should have money that did not belong to him but rightfully belonged to the plaintiff.

II. It is a further claim of defendant Barrett that the court erred in finding the plaintiff is entitled to a judgment against him and the company for $1645, with interest, for the plaintiff's popcorn. There is no question the company is obligated to pay plaintiff for her share and if it is required to pay it should have recovery from Barrett. We can see no justification for Barrett's claim that in making the settlement he merely took what was given him. Neither Barrett nor his counsel denied there had been a mistake. We cannot put our stamp of approval on a party receiving money which is not due him by virtue of a mistake made in working out a settlement of litigation. This is particularly true when Barrett's attorney did not disclose the apparent error in the conference relative to the settlement.

We deem the following rules from the Restatement of the Law on Restitution are here applicable:

"A person who has paid money to another because of an erroneous belief induced by a mistake of fact that he was thereby performing in whole or in part a duty to the payee, other than a contract duty, is entitled to restitution of the amount so paid if such duty did not exist." Section 19, page 86.

"A person who has paid another an excessive amount of money because of an erroneous belief induced by a mistake of fact that the sum paid was necessary for the discharge of a duty, for the performance of a condition, or for the acceptance of an offer, is entitled to restitution of the excess." Section 20, page 92.

The statement made in 70 C. J. S., Payment, section 157d, page 371, is also applicable to the facts in this case: "It is generally held that the failure of the payor to exercise ordinary care to avoid the mistake under which he made the payment sought to be recovered will not as a matter of law defeat his recovery, and that negligence of the payor in failing to discover the facts will not prevent recovery when the payment was actually made under mistake of fact, unless the payee has changed his position in reliance on the payment * * *."

There is no showing Barrett changed his position in reliance on the payment made. See also 70 C. J. S., Payment, section 157f, page 373; 40 Am. Jur., Payment, sections 187, 189, pages 844, 845; Iowa State Bank v. Cereal Refund and Brokerage Co., 132 Iowa 248, 109 N.W. 719; Fidelity Savings Bank v. Reeder, 142 Iowa 373, 375, 120 N.W. 1029; Shoenhair v. Merrill, 165 Iowa 384, 386, 145 N.W. 919; Andrew v. Union Savings Bk. & Tr. Co., 225 Iowa 929, 933, 282 N.W. 299.

III. Barrett further claims that the court erred in finding the company entitled to a judgment against him for any amount it may be required to pay for the satisfaction of any judgment entered against the company and in favor of plaintiff. Our comments in the two previous divisions answer this contention. It is also claimed the court erred in finding the popcorn delivered to the company by Barrett contained six per cent field corn. We shall comment on this phase of the case in dealing with the company's cross-appeal.

IV. In connection with the cross-appeal of the company

it is contended as one of its grounds for reversal that Fannie Reeves, the plaintiff, is not entitled to a reformation of the contract between the company and Barrett. It claims that one not a party to a contract has no right to a reformation of it. The company draws attention to the fact the only contract to which the plaintiff was a party was the oral lease agreement with Barrett in which he agreed to pay her as rent one half of the grain raised on the farm in 1948. It is the company's particular contention the only parties to the lease were the plaintiff and Barrett and the only person to whom she could look for payment was Barrett. It maintains that in connection with the popcorn contract the parties to it were the company and Barrett, and that the plaintiff is nowhere mentioned. It further contends that even in the plaintiff's amended and substituted petition she did not allege she was a party to the contract but stated the company and Barrett had entered into a written agreement. By reason of these facts the company asserts the plaintiff has no right to have the contract reformed and thereby provide and include the features of the lease agreement. However, we do not find it necessary to decide that a reformation of the contract in this case is essential.

There can be no question the plaintiff can sue to recover the amount due her for her share of the corn furnished the company. It should be kept in mind the company required the approval of the plaintiff to the contract it entered into with Barrett. This was done through the plaintiff's agent. Then too, there was a receipt issued to "Fred Barrett and Reeves." It is also shown by the record the company issued to Mrs. E. S. Reeves a storage receipt for her half "of contract amounting to 105,615 pounds of popcorn on the ear." These circumstances definitely disclose the fact the contract entered into was in part for the benefit of the plaintiff.

We hold the plaintiff is justified in suing for the amount due her and is a proper party. This conclusion is supported by the statement in 39 Am. Jur., Parties, section 21, page 878, as follows: "Many authorities are to be found in support of the rule that one may sue directly in his own name on contracts made for his benefit, although the undertaking is not made

directly to or with him, when under the substantive rules of law the contract creates in his favor an enforceable right or obligation. * * *." Inasmuch as the contract between the company and Barrett was in part for the benefit of the plaintiff, a third party, it is enforceable by the plaintiff. Preston v. Howell, 219 Iowa 230, 239, 257 N.W. 415, 97 A. L. R. 1140, and cases cited. See also Rankin v. Ridge, 53 N. M. 33, 201 P.2d 359, 7 A. L. R.2d 510, 516; 12 Am. Jur., Contracts, section 288, page 841.

V. It is also the company's claim plaintiff is not entitled to a judgment for the value of her share of field corn which was contained in the popcorn delivered to the company under the terms of the contract between it and Barrett. It is the company's contention that where it is shown the corn delivered contained six per cent field corn it had the right to retain this field corn and to set up as an offset in an action for the price of such corn the cost of removal of field corn from the popcorn. It further claims under the court's decree it is now required to pay for goods for which it had not contracted and which did not meet the specifications of the contract relative to furnishing merchantable popcorn. It is particularly claimed the trial court was in error in awarding judgment against the company for the amount of the field corn included in plaintiff's share of the corn delivered.

It is true the contract did not provide for the payment for field corn. However, we do not see how the company can avoid payment for it. This type of corn has some value and inasmuch as the company apparently made use of it the company should pay for it. There is ample evidence to justify the judgment decreed by the trial court for the value of the field corn. The comment made in Drager v. Carlson Hybrid Corn Co., Inc., 244 Iowa 78, 87, 56 N.W.2d 18, 23, is here applicable: "However since the corn unfit for seed admittedly has a substantial market value for feed it is only just that defendant, if it keeps the corn, should be liable for such value."

VI. The company as a basis for its claim there should be an affirmance of the judgment entered in its favor and against Barrett for any amount it may have to pay by reason of its

overpayment to him maintains that money paid under a mutual mistake of facts may be recovered from the person to whom the overpayment was made. It is apparent that the attorney for Barrett did not advise the company's attorney of the error in computation when they were checking for the amount that would be due under the contemplated settlement. We cannot approve of the failure to bring all the facts to the attention of the other interested party under circumstances such as developed in this case. The general attitude of the interested parties is evidenced by their testimony. Barrett testified: "Even at the time I was talking to Mr. Good I knew that I had got more money than I should have." Barrett also stated: "So far as I know this check was a little bit more than I was entitled to. * * * It was more than I thought I had coming." Getscher also testified: "I would deny in this respect that there was an overpayment and not deny it in another respect. It is true his figures were different from mine."

Our comments in Division II relative to the applicable law are also here pertinent.

By reason of our holdings heretofore set forth we are not required to reverse the trial court on the matter of the reformation of the contract between the company and Barrett so as to include the plaintiff therein. As held by the trial court we permit recovery for the amount claimed for the field corn and also affirm the other features of the trial court's decree.— Affirmed.

All JUSTICES concur.