WILLIAM B. OLNEY et al., appellees, v. RAY F. HUTT, appellant.

No. 50104.

(Reported in 105 N.W.2d 515)

October 18, 1960.

Will J. Hayek, of Iowa City, and A. E. Baldridge, of Washington, for appellant.

Ries & Osmundson, of Iowa City, for appellees.

GARRETT, J.—Ben S., W. W. and Ben E. Summerwill owned a forty-acre tract of land near Iowa City. In October 1952 they sold the southwest quarter of said tract to the Independent School District of Iowa City for a schoolhouse site and in November they sold the north twenty acres to the defendant, Ray F. Hutt. The contracts with these purchasers contained a provision that they would dedicate land from the edge of their properties to make a street, each to pay one half the cost of construction. Defendant, Hutt, subdivided and platted the west ten acres of his land, dedicated the portion necessary for the street and graded and ditched it so that it was usable as a dirt street. He then sold certain lots to Birchwood Builders, Inc., and these lots were later purchased by plaintiffs. After this addition was taken into Iowa City, plaintiffs petitioned for and brought about the paving of said street between the two ten-acre tracts. The cost of the paving was assessed against plaintiffs' properties and was paid by them. They brought this action for a declaratory decree seeking to hold Hutt for the cost of the paving on the ground they were third-party beneficiaries under Hutt's contract with Summerwills.

The trial court allowed plaintiffs $608.34, being the estimated cost of grading and surfacing said street with four inches of rock, and defendant has appealed.

I. The appellees, in their written argument, say: "The only real question in this case is whether or not the plaintiffs are third-party beneficiaries under the Hutt-Summerwill contract. If they are, they are entitled to judgment; if not, they are not entitled to judgment."

Appellant contends he dedicated the land and constructed the street within the terms of the contract and that in any event the plaintiffs were not third-party beneficiaries.

The Summerwill contract with the school district contained this provision: "It being understood and agreed that both parties hereto shall dedicate a strip at least thirty (30) feet wide from the edge of their property to make a street which will coincide with DeForest Street if extended, the east-west distance of the tract herein purchased, each to pay one half the cost of construction."

The Hutt-Summerwill contract provided that as a part of the consideration therefor Hutt assumed the obligations contained in the above quoted paragraph of the school district contract.

When the contracts were entered into the entire tract was in pasture. In May 1953 Hutt platted the land immediately north of the schoolhouse site as Highland Development Addition, including the north half of DeForest Street. His obligation was to pay one half the cost of construction necessary "to make a street which will coincide with DeForest." Hutt testified, "I had bulldozers there and I hired someone to bulldoze out the ditches. The several loads of rock were put at the ends of Franklin Street and Ash Street and at places where there were soft spots. People on Franklin or Ash would use DeForest Street. I frequently drove from one street to the other by way of DeForest. I used DeForest in both dry weather and wet weather and never got stuck."

Mr. Fred Gartzke, city engineer, testified: "I knew this particular street before the city attempted to do anything about bringing it to grade. At that time, it could have been used in a convenient and safe manner for traffic. Q. All kinds of weather? A. I wouldn't say all kinds of weather. It would get pretty muddy. It wasn't surfaced to be all-weather." He further testified, "I think DeForest Street west from the present paving is temporary. It had been in temporary use for forty years. It is a dirt road, a constructed dirt road. * * * East from the paving is a dirt road. It has been used a few years. The city pays all expense of excess excavation and expense of bringing a street to permanent grade. * * * If it were a matter of an all-weather rock road, we would have simply layed four inches of rock over the road as already bladed and ditched."

The defendant, having constructed a dirt road or street which was ditched, bladed, rocked in some troublesome spots and which coincided with DeForest Street, denied liability for the cost of the paving. The plaintiffs had no contract, agreement or writing of any kind with Hutt or the Summerwills and cannot prevail unless they are third-party beneficiaries under the Hutt-Summerwill contract. When Summerwills sold the property to Hutt they had no further interest in it and certainly no reason to contract for the benefit of subsequent purchasers of this pasture land. So far as this short strip of pavement is concerned the school district paid for the south half and the successors in title to Hutt paid for the north half.

The plaintiffs' rights can rise no higher than those of the promisee Summerwills and it seems quite obvious that had the latter had any intention of benefiting the plaintiffs they would have indicated it in their contract. The Birchwood Builders, Inc., contract with Hutt contained this provision: "Purchaser is assuming no obligation of the vendor in connection with the construction of DeForest Street." It will be noted it contained no affirmative requirement that Hutt construct, improve or pay for the street which indicates paying for such improvement by Hutt was not within the contemplation of the parties. It was stipulated that none of the deeds conveying the property involved contained any covenant to construct any part of DeForest Street or any reference thereto.

We find no support in the record for plaintiffs' claim that they are third-party beneficiaries. In 12 Am. Jur., Contracts, Section 281, page 833, it is said: "A third person for whose direct benefit a contract was entered into may sue for breach thereof; but if the benefit *is only incidental,* he may not. It has been asserted that before a stranger can avail himself of the exceptional privilege of suing for a breach of agreement to which he is not a party, he must at least show that it was intended for his direct benefit. It must appear, in order that a third person may derive a benefit from a contract between two other parties, that the contract was made and entered into directly or primarily for the benefit of such third person. Whether a contract by which a third person is benefited was

entered into for his direct benefit depends upon the intention of the parties as gleaned from a consideration of the contract and the circumstances surrounding the parties at the time of its execution."

Appellees cite Johnson v. Collins, 14 Iowa 63; Johnson v. Knapp, 36 Iowa 616; In re Estate of Youngerman, 136 Iowa 488, 114 N.W. 7, 15 Ann. Cas. 245; Durband v. Nicholson, 205 Iowa 1264, 216 N.W. 278, 219 N.W. 318; Chicago & N.W. Ry. Co. v. Kramme, 244 Iowa 944, 59 N.W.2d 204; Reeves v. Better Taste Popcorn Co., 246 Iowa 508, 66 N.W.2d 853. None of these cases sustains appellees' position, the intention in each case to contract for the benefit of named or sufficiently designated third-party beneficiaries being clear. The benefit was more than incidental.

█ One for whose benefit a contract is made may, although not a party thereto and although furnishing no consideration therefor, maintain an action thereon against the promisor. Nor is it essential, in order to enable a third party to recover on a contract made for his benefit, that he know of the contract at the time it was made. Baker v. Bryan, 64 Iowa 561, 21 N.W. 83; Annotation, 81 A. L. R. 1286.

"That the parties must have clearly intended the contract to be for the benefit of the third person to enable him to sue thereon is one of the most commonly expressed limitations on the rule, * * *. The intent to benefit the third person must clearly appear from the language of the agreement, in light of the circumstances under which it was entered into." 17 C. J. S., Contracts, section 519(c), pages 1127, 1128, 1129, 1130.

In The German State Bank v. Northwestern Water and Light Co., 104 Iowa 717, 722, 74 N.W. 685, 686, this court said: "No man will be held liable in law to different parties for the same cause of action. The principle is, therefore, confined to cases where the person for whose benefit the promise is made has the sole exclusive interest in its performance."

"We are well aware that contracts made between two parties for the benefit of a third are enforceable by the latter under certain conditions. Among these conditions is one which appellant has failed to meet in the cause before us, to wit, that

the contract was made for his express benefit. That he might incidentally benefit by the contract between Sogard and his employer and the insurance carrier is not determinative of the question at all. As we read the contract it was made solely for the benefit of Sogard and no one else, except in so far as it adjusted the obligations existing between the creamery company and the insurance company." Casey v. Jesup Creamery Co., ·224 Iowa 1094, 1096, 278 N. W. 214, 215.

See also 13 C. J., Contracts, section 817, page 709; 6 R. C. L., Contracts, section 274, page 886.

In the case of Chicago, R. I. & P. Ry. Co. v. City of Ottumwa, 112 Iowa 300, 313, 314, 83 N.W. 1074, 1079, 51 L. R. A. 763, we held there was no privity of contract between the plaintiff and the City which entitled the City to collect from the plaintiff certain special assessments for paving although plaintiff, as lessee of the assessed property, had agreed with its lessor to pay all taxes and assessments against the property. We said, "At the time the promise was made there was no indebtedness from the Des Moines Company, to anyone. The contract was solely for the benefit of the Des Moines Company, and there was no privity between the City or the contractor and the Rock Island Company."

In Davis v. The Clinton Water Works Co., 54 Iowa 59, 60, 6 N.W. 126, 127, 37 Am. Rep. 185, we said: "It is a rule of law, familiar to the profession, that a privity of contract must exist between the parties to an action upon a contract. One whom the law regards as a stranger to the contract cannot maintain an action thereon. The rule is founded upon the plainest of reasons. The contracting parties control all interests, and are entitled to all rights secured by the contract. *If mere strangers may enforce the contract by actions, on the ground of benefits flowing therefrom to them, there would be no certain limit to the number and character of actions which would be brought thereon.*" (Emphasis supplied.)

The questions under consideration are ably reviewed in In re Estate of Walker, 234 Iowa 1126, 15 N.W.2d 260, and in Volume 6, No. 1, Drake Law Review.

In order for plaintiffs to recover they must show that they

are either donee or creditor beneficiaries under the terms of the contract. For proper definitions we refer to section 133, Restatement of the Law of Contracts, chapter 6, page 151, and we quote so much thereof as appears applicable to this case:

"(1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is * * *:

"(a) a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary;

"(b) a creditor beneficiary if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary, * * *;

"(c) an incidental beneficiary if neither the facts stated in Clause (a) nor those stated in Clause (b) exist.

"(2) Such a promise as is described in Subsection (1a) is a gift promise. Such a promise as is described in Subsection (1b) is a promise to discharge the promisee's duty."

It is quite clear that it was not the purpose of the promisee Summerwills to make a gift to the plaintiffs or to confer upon them any rights against the promisor, Hutt, so it cannot be said that they were donee beneficiaries. The promisee owed no duty to the plaintiffs so the latter were not creditor beneficiaries. If they were third-party beneficiaries at all, they were only incidental beneficiaries and not entitled to recover.

II. When Hutt paid half of the cost of construction of the dirt street as above described he discharged his obligations under his contract with Summerwills and owes no duty or obligation to the plaintiffs.

It must be remembered that his contract was only to "dedicate a strip * * * to make a street which will coincide with DeForest Street" and pay one half the cost of construction. Construct means "To put together the constituent parts of

(something) in their proper place and order; to build; form; make." Webster's New International Dictionary. In Preston v. Dubuque and Pacific Railroad Co., 11 Iowa 15, 17, this court said: "* * * it being understood by the word. construction as here used, more is meant than the mere making of the roadbed. The construction of the road implies its preparation and readiness for use; and not only so, but its use in a convenient and safe manner." The trial court quoted from the cited case and said, "Whether it is a street or a road, to properly construct the same means its safe use in a convenient manner. This necessarily would require the grading, the placing of necessary culverts, and the placing of stone or gravel thereon of a necessary and safe width."

The trial court also stated that to impose upon the defendant the cost of the pavement "would be unfair and inequitable, and certainly not within the fair interpretation and contemplation of the parties to the contract." The court then held the contract did impose upon Hutt the obligation to pay one half of what it would cost to construct the street by grading and placing rock thereon. This was after the paving assessment was paid by the plaintiffs.

The contract is utterly silent as to how the street should be constructed. The court cannot rewrite it, putting into it something that is not there. In all respects the extension coincided with the original DeForest Street which was a long-established dirt road. Who can say that a graded, ditched dirt road or street is not a road or street? Every city or town has such streets and someone has paid the cost of their construction as such. It cannot be said that because they are not rock, gravel or paved, they are not streets nor can it be said that the portion of DeForest Street in controversy, as improved by Hutt, did not coincide with DeForest Street as it was before the extension thereof. The contract is destitute of any provision that the street shall be more convenient than an unsurfaced street nor is there any requirement as to safety. It cannot be said there is any more authority for ordering payment for a rock street than for a paved street.

We have no right to extend the terms of the contract

beyond the reasonable contemplation of the parties at the time it was made. "In the interpretation of an agreement, the surrounding circumstances at the time it was made should be considered for the purpose of ascertaining its meaning, but not for the purpose of adding a new and distinct undertaking." 12 Am. Jur., Contracts, section 247, page 784.

■ "Construction should be most strongly against the user of the words, should be in accordance with the object sought to be accomplished, and should be reasonable and fair, and not absurd." Winfield State Bank v. Snell, 208 Iowa 1086, 1093, 226 N.W. 774, 777.

In the instant case the contract was drawn by or for the Summerwills and should be construed most strongly against the plaintiffs. "If the writing at this point is to be deemed of doubtful interpretation, then the doubt should be solved against the plaintiff, as the one responsible for the verbiage." Fairfax State Savings Bank v. Coligan, 211 Iowa 670, 677, 234 N.W. 537, 539.

The plaintiffs are not third-party beneficiaries under the Hutt-Summerwill contract, the obligations of which were fully discharged by the defendant.—Reversed.

All JUSTICES concur except THOMPSON, J., who concurs in Division II and result.